1   MORGAN, LEWIS & BOCKIUS LLP
    NICOLE A. DILLER (SBN 154842)
2   ROBERTA H. VESPREMI (SBN 225067)
    ndiller@morganlewis.com
3   rvespremi@morganlewis.com
    One Market, Spear Street Tower
4   San Francisco, California  94105-1126
    Telephone:   415.442.1000
5   Facsimile:   415.442.1001

6   CHARLES JACKSON (*appearance pro hac vice*)
    ALLYSON N. HO (*appearance pro hac vice*)
7   charles.jackson@morganlewis.com
    aho@morganlewis.com
8   77 West Wacker Drive, Fifth Floor
    Chicago, Illinois 60601
9   Telephone:  312.324.1000
    Facsimile:  312.324.1001
10
    Attorneys for Defendants Dignity Health, Herbert J.
11  Vallier, and the Retirement Plans Sub-Committee

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16  STARLA ROLLINS on behalf of herself,        Case No. 13-C-1450 TEH
    individually, and on behalf of all others
17  similarly situated,                         **STIPULATED [PROPOSED]**
                                                **PROTECTIVE ORDER**
18              Plaintiff,

19              v.

20  DIGNITY HEALTH, a California non-profit
    corporation, HERBERT J. VALLIER,
21  an individual, the members of the Dignity
    Retirement Committee, and JOHN and
22  JANE DOES, each an individual, 1-20,

23              Defendants.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                        STIPULATED [PROPOSED]
                                          PROTECTIVE ORDER
                                        CASE NO. 13-C-1450 TEH

1.      <u>PURPOSES AND LIMITATIONS</u>

Defendants contend that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Although Plaintiff disputes this contention, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5      <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

1    information: (a) any information that is in the public domain at the time of disclosure to a

2    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

3    a result of publication not involving a violation of this Order, including becoming part of the

4    public record through trial or otherwise; and (b) any information known to the Receiving Party

5    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

6    obtained the information lawfully and under no obligation of confidentiality to the Designating

7    Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

8    4.      DURATION

9           Even after final disposition of this litigation, the confidentiality obligations imposed by

10   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

11   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

12   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

13   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

14   including the time limits for filing any motions or applications for extension of time pursuant to

15   applicable law.

16   5.      DESIGNATING PROTECTED MATERIAL

17          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

18   or Non-Party that designates information or items for protection under this Order must take care

19   to limit any such designation to specific material that qualifies under the appropriate standards.

20   The Designating Party must designate for protection only those parts of material, documents,

21   items, or oral or written communications that qualify – so that other portions of the material,

22   documents, items, or communications for which protection is not warranted are not swept

23   unjustifiably within the ambit of this Order.

24          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

25   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

26   unnecessarily encumber or retard the case development process or to impose unnecessary

27   expenses and burdens on other parties) expose the Designating Party to sanctions.

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1    If it comes to a Designating Party's attention that information or items that it designated

2    for protection do not qualify for protection, that Designating Party must promptly notify all other

3    Parties that it is withdrawing the mistaken designation.

4        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

5    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

6    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

7    designated before the material is disclosed or produced.

8        Designation in conformity with this Order requires:

9            (a)    for information in documentary form (e.g., paper or electronic documents,

10   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

11   Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

12   portion or portions of the material on a page qualifies for protection, the Producing Party also

13   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

14   margins).  A Party or Non-Party that makes original documents or materials available for

15   inspection need not designate them for protection until after the inspecting Party has indicated

16   which material it would like copied and produced. During the inspection and before the

17   designation, all of the material made available for inspection shall be deemed

18   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

19   produced, the Producing Party must determine which documents, or portions thereof, qualify for

20   protection under this Order. Then, before producing the specified documents, the Producing Party

21   must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a

22   portion or portions of the material on a page qualifies for protection, the Producing Party also

23   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

24   margins).

25           (b)    for testimony given in deposition or in other pretrial or trial proceedings,

26   that the Designating Party identify on the record, before the close of the deposition, hearing, or

27   other proceeding, all protected testimony.

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

1          (c)     for information produced in some form other than documentary and for any

2   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

3   container or containers in which the information or item is stored the legend "CONFIDENTIAL."

4   If only a portion or portions of the information or item warrant protection, the Producing Party, to

5   the extent practicable, shall identify the protected portion(s).

6         5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

7   designate qualified information or items does not, standing alone, waive the Designating Party's

8   right to secure protection under this Order for such material. Upon timely correction of a

9   designation, the Receiving Party must make reasonable efforts to assure that the material is

10   treated in accordance with the provisions of this Order.

11   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

12         6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

13   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

14   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

15   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

16   challenge a confidentiality designation by electing not to mount a challenge promptly after the

17   original designation is disclosed.

18         6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

19   process by providing written notice of each designation it is challenging and describing the basis

20   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

21   notice must recite that the challenge to confidentiality is being made in accordance with this

22   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

23   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

24   forms of communication are not sufficient) within 14 days of the date of service of notice. In

25   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

26   designation was not proper and must give the Designating Party an opportunity to review the

27   designated material, to reconsider the circumstances, and, if no change in designation is offered,

28   to explain the basis for the chosen designation. A Challenging Party may proceed to the next

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

1   stage of the challenge process only if it has engaged in this meet and confer process first or

2   establishes that the Designating Party is unwilling to participate in the meet and confer process in

3   a timely manner.

4         6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

5   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

6   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

7   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

8   process will not resolve their dispute, whichever is earlier. Each such motion must be

9   accompanied by a competent declaration affirming that the movant has complied with the meet

10  and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

11  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

12  shall automatically waive the confidentiality designation for each challenged designation. In

13  addition, the Challenging Party may file a motion challenging a confidentiality designation at any

14  time if there is good cause for doing so, including a challenge to the designation of a deposition

15  transcript or any portions thereof. Any motion brought pursuant to this provision must be

16  accompanied by a competent declaration affirming that the movant has complied with the meet

17  and confer requirements imposed by the preceding paragraph.

18        The burden of persuasion in any such challenge proceeding shall be on the Designating

19  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

20  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

21  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

22  file a motion to retain confidentiality as described above, all parties shall continue to afford the

23  material in question the level of protection to which it is entitled under the Producing Party's

24  designation until the court rules on the challenge.

25  7.        ACCESS TO AND USE OF PROTECTED MATERIAL

26        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

27  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

28  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     any designated mediator who is assigned to hear this litigation, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)     any person designated by mutual agreement of the Parties who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or by Order of the Court.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     within two weeks notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     within two weeks notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

///

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

9

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  The parties incorporate their agreement reached pursuant to Federal Rule of Evidence 502(d) as memorialized in the Stipulated Order Regarding Electronic Discovery entered by the Court on October 4, 2013.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any

1  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

2  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

3  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

4  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

5  otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

6  Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

7  Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

8  unless otherwise instructed by the court.

9  13.    <u>FINAL DISPOSITION</u>

10        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

11  Receiving Party must return all Protected Material to the Producing Party or destroy such

12  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

13  compilations, summaries, and any other format reproducing or capturing any of the Protected

14  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

15  submit a written certification to the Producing Party (and, if not the same person or entity, to the

16  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

17  the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has

18  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

19  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

20  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

21  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

22  product, and consultant and expert work product, even if such materials contain Protected

23  Material. Any such archival copies that contain or constitute Protected Material remain subject to

24  this Protective Order as set forth in Section 4 (DURATION).

25  IT IS SO STIPULATED.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

1   Dated:  October 10, 2013                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                        By:  _/s/ Nicole A. Diller_____
                                              Nicole A. Diller
4                                             Roberta H. Vespremi
                                              One Market, Spear Street Tower
5                                             San Francisco, California  94105-1126
                                              Telephone: 415.442.1000
6                                             Facsimile:  415.442.1001
                                              ndiller@morganlewis.com
7                                             rvespremi@morganlewis.com

8                                             Charles Jackson (*appearance pro hac vice*)
                                              Allyson N. Ho (*appearance pro hac vice*)
9                                             77 West Wacker Drive, Fifth Floor
                                              Chicago, Illinois 60601
10                                            Telephone:  312.324.1000
                                              Facsimile:  312.324.1001
11                                            charles.jackson@morganlewis.com
                                              aho@morganlewis.com

12
                                              Attorneys for Defendants Dignity Health,
13                                            Herbert J. Vallier, and the Retirement Plans
                                              Sub-Committee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

1    Dated:  October 10, 2013                    KELLER ROHRBACK, LLP

2

3                                         By:  ___/s/ Matthew Gerend_____
4                                              Lynn Lincoln Sarko
                                               Havila Unrein
5                                              Matthew Gerend
                                               1201 Third Avenue, Suite 3200
6                                              Seattle, Washington 98101
                                               Telephone: 206.623.1900
7                                              Facsimile:  206.623.3384
                                               lsarko@kellerrohrback.com
8                                              hunrein@kellerrohrback.com
                                               mgerend@kellerrohrback.com
9
                                               KELLER ROHRBACK, LLP
10                                             Juli E. Farris
                                               1129 State Street, Suite 8
11                                             Santa Barbara, California  93101
                                               Telephone: 805.456.1496
12                                             Facsimile:  805.456.1497
                                               jfarris@kellerrohrback.com
13
                                               KELLER ROHRBACK, PLC
14                                             Ron Kilgard
                                               3101 North Central Avenue, Suite 1400
15                                             Phoenix, Arizona 85012
                                               Telephone: 602.248.0088
16                                             Facsimile:  602.248.2822
                                               rkilgard@kellerrohrback.com
17
                                               COHEN MILSTEIN SELLERS & TOLL,
18                                                 PLLC
                                               Bruce Rinaldi
19                                             Karen L. Handorf
                                               Monya M. Bunch
20                                             1100 New York Avenue, N.W.
                                               Suite 500, West Tower
21                                             Washington, D.C.  20005
                                               Telephone:  202.408.4600
22                                             Facsimile:   202.408.4699
                                               brinaldi@cohenmilstein.com
23                                             khandorf@cohenmilstein.com
                                               mbunch@cohenmilstein.com
24                                             Attorneys for Plaintiff Starla Rollins

25

26          I attest that I have obtained Matthew Gerend's concurrence in the filing of this document.

27    Dated:  October 10, 2013                       /s/ Nicole A. Diller
                                                    Nicole A. Diller
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH

1          PURSUANT TO STIPULATION, IT IS SO ORDERED.

2    Dated: _____ 10/15 ___, 2013

3                      HON. THELTON E. HENDERSON
                  UNITED STATES DISTRICT JUDGE

4    Judge Thelton E. Henderson

5    C13-1450

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14              STIPULATED [PROPOSED]
          PROTECTIVE ORDER
          CASE NO. 13-C-1450 TEH

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____




DB1/ 76059783.2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

STIPULATED [PROPOSED]
PROTECTIVE ORDER
CASE NO. 13-C-1450 TEH