IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STARLA ROLLINS,

                          Plaintiff,

          v.

DIGNITY HEALTH, et al.,

                          Defendants.

No. C13-1450 TEH

ORDER DENYING DEFENDANTS'
ADMINISTRATIVE MOTION FOR
LEAVE TO ENTER INTO
EVIDENCE DEMONSTRATIVE
EXHIBITS PRESENTED AT
MOTION TO DISMISS HEARING

On November 8, 2013, Defendants filed an administrative motion requesting the entry into evidence of two demonstrative exhibits that Defendants' counsel presented at the motion to dismiss hearing on November 4, 2013. Plaintiff Starla Rollins ("Rollins") filed an opposition to Defendants' administrative motion on November 12, 2013. Having fully considered the arguments of both parties, the Court DENIES Defendants' motion for the reasons that follow.

Defendants' proposed Exhibit 1 is an annotated copy of excerpts of relevant sections of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1002(33). Although Defendants argue that the exhibit is a judicially noticeable statute, they provide no support that an exhibit which highlights certain portions of a statute and omits other portions entirely constitutes a generally-known adjudicative fact under Federal Rule of Evidence 201. Moreover, the Court has access to the full statutory text and does not find Exhibit 1 helpful in evaluating the statutory interpretation question presently before it.

Defendants' proposed Exhibit 2 is a diagram purporting to reflect Defendant Dignity Health's governance structure. Defendants assert that Exhibit 2 is admissible under Federal Rule of Evidence 1006, which permits the admission of summaries and charts that reflect voluminous underlying documents. Rollins opposes the entry of Exhibit

United States District Court
For the Northern District of California

2 because she has not had an opportunity to conduct any discovery to test the disputed underlying facts upon which Exhibit 2 is allegedly based.  The Court agrees with Rollins that absent discovery, there has not been sufficient opportunity to test the truth of the facts contained in Exhibit 2.  Also, "as a general rule, [a court] may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (internal quotation marks and citation omitted).  After discovery is complete, Defendants' proposed evidence may be discussed and submitted in connection with future proceedings in this case, however, the Court does not consider the instant motion to dismiss to be an appropriate opportunity to evaluate disputed facts.  If, as Defendants argue, the transcript of the motion to dismiss hearing is referenced in subsequent proceedings and entry of the exhibits is required for clarity, the Court will consider the matter, if necessary, at that point.

Accordingly, Defendants' Administrative Motion for Leave to Enter into Evidence Demonstrative Exhibits Presented at Motion to Dismiss Hearing is DENIED.

**IT IS SO ORDERED.**

Dated:   11/14/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

United States District Court
For the Northern District of California