United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STARLA ROLLINS,
Plaintiff,

v.

DIGNITY HEALTH, et al.,
Defendants.

Case No. 13-cv-01450-TEH

**ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL AND FOR STAY PENDING APPEAL**

This matter came before the Court on February 24, 2014, on Defendants' motion to certify for interlocutory appeal, the Court's December 12, 2013 order denying Defendants' motion to dismiss, and for a stay pending such appeal. Having considered the arguments of the parties and the papers submitted, the Court now DENIES Defendants' motion for the reasons set forth below.

**BACKGROUND**

In this putative class action, Plaintiff Starla Rollins ("Rollins") alleges that Defendant Dignity Health ("Dignity")[1] violates the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by failing to conform its benefits plan with ERISA's various funding, reporting, disclosure and fiduciary requirements. Complaint ("Compl.") ¶¶ 75, 105-161. Dignity moved to dismiss, arguing that its benefit plan is a "church plan" exempt from ERISA, and that Rollins had therefore failed to state a claim for relief. On December 12, 2013, the Court denied Dignity's motion, concluding that based on the relevant portions of ERISA's text, structure, and history, only a church can establish an ERISA-exempt church plan. *Rollins v. Dignity Health*, C13-1450 TEH, 2013

[1] The Defendants in this case are Dignity Health, Herbert J. Vallier, a former Dignity Health official, and members of Dignity Health's Retirement Plans Sub-Committee. For convenience, the Court refers to the Defendants collectively as "Dignity."

United States District Court
Northern District of California

WL 6512682, at *7 (N.D. Cal. Dec. 12, 2013). "Because Dignity is not a church," the Court held, the plan it established could not be a church plan exempt from ERISA. *Id.* Dignity now moves to certify the Court's December 12, 2013 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and for a stay pending such appeal.

**LEGAL STANDARD**

Section 1292(b) permits a district court to certify an order for interlocutory review where the order involves (1) a "controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) where an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). Section 1292(b) certifications are granted in "rare circumstances" and the "court of appeals . . . has discretion to reject . . . interlocutory appeal[s], and does so quite frequently." *Id.* In seeking interlocutory appeal, a movant has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

**DISCUSSION**

Keeping in mind the "exceptional circumstances" standard, the Court first considers whether the issue Dignity seeks to appeal presents a "controlling question of law." Although there is no explicit definition for what constitutes a "controlling question of law," examples include who are proper parties, whether a court has jurisdiction, and whether state or federal law should apply. *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)). For an issue to be considered "controlling," its reversal need not terminate the litigation, but its resolution

should "materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Here, Dignity's proposed interlocutory appeal challenges the Court's interpretation of the portions of the ERISA statute governing the church plan exemption. Dignity asserts that the next step in this litigation would be to consider Dignity's compliance with ERISA, and if the Ninth Circuit were to later hold that Dignity is exempt from ERISA, that entire evaluation of Dignity's ERISA compliance would have been unnecessary. Therefore, Dignity argues, the Court's interpretation should be reviewed on interlocutory appeal instead. Dignity's argument, however, oversimplifies the myriad paths this litigation could take. If the Ninth Circuit were to reverse, either on interlocutory appeal or in the regular course, on remand the Court would be charged with applying the Ninth Circuit's interpretation of the statute to Dignity's plan and again determining if Dignity's plan is exempt. If Dignity's plan were not exempt, the Court would still have to consider Dignity's ERISA compliance. And if the Dignity plan was held to be exempt, the Court would then have to consider Rollins's claim regarding the constitutionality of such an exemption. Given these complicated, possibly divergent, and even potentially convergent paths the litigation could take, the Court agrees with Dignity that an interlocutory appeal could significantly alter the course the litigation would take. Nevertheless, the Court concludes that the issue proposed for appeal would not so materially affect the entire nature of the litigation, or its outcome, to justify interlocutory review.

The issue here, in the Court's view, "involves nothing as fundamental as the determination of . . . whether state or federal law should be applied." *See In re Cement Antitrust Litig*. 673 F.2d 1020, 1026-27 (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)). A difference in ruling on which law to apply could require a complete repeat of the litigation and a resulting duplication of efforts and waste of resources. Similarly, a different ruling as to whether a court has jurisdiction, *see id.*, could invalidate an entire district court proceeding. In contrast, the matter at issue here is not of such high stakes. At most, if this issue were presented on interlocutory appeal, and was

reversed, some time could be saved at the district court. That "would not materially affect the outcome of this litigation, but only its duration" and the Ninth Circuit has squarely rejected construing a question as controlling merely because "it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig*., 673 F.2d at 1027 ("Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable. Since Congress chose to add the additional requirement that the issue for which review is sought must be a 'controlling question of law,' it would be improper for us to construe the statute as though these two requirements were interchangeable."). In fact, given that the appeal could still be followed by further, more complicated litigation, there is no evidence an interlocutory appeal would even "materially advance the termination of the litigation" – § 1292(b)'s third prong.

To be sure, a contrary ruling by the Ninth Circuit could obviate the need for discovery and litigation on particular issues; however, a similar argument could be made for countless other denials of motions to dismiss that are routinely appealed in the regular course. There are no extenuating circumstances here that support the need for an immediate decision versus a later ruling. *See, e.g.*, *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 306 (9th Cir. 1961) (deciding on interlocutory appeal whether to grant plaintiff's request to have the same jury decide issues of liability and damages – an issue which could not wait, as its reversal in the regular course would be impossible to effectuate); *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595, 598 (9th Cir. 1964) (finding § 1292(b)'s requirements met where party sought appeal of district court's stay order, which while in effect would have halted proceedings entirely, and reversal of which would have compelled proceeding with the action).

Finally, Dignity argues that the issue is a controlling question of law because interlocutory review could also benefit other pending cases involving the same statutory provision. The Court is not persuaded by this argument because those other cases Dignity refers to are outside this Circuit and the Ninth Circuit's ruling would not be controlling in

those cases.

The Court concludes that the issue presented does not rise to the level of a "controlling question of law" justifying interlocutory review and because this first prong of § 1292(b) has not been met, the Court declines to further discuss the other requirements. While the Court appreciates the significance of its ruling on Dignity's motion to dismiss, § 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Based on the facts and circumstances of this case, and respecting the high bar imposed, the Court sees no reason to view the instant issue as an "exceptional situation" warranting interlocutory appeal. *In re Cement Antitrust Litig*., 673 F.2d at 1026.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay pending such appeal is DENIED.

**IT IS SO ORDERED.**

Dated: 3/17/14

THELTON E. HENDERSON
United States District Judge