UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLA ROLLINS,<br><br>   Plaintiff,<br><br>  v.<br><br>DIGNITY HEALTH, et al.,<br><br>   Defendants. | Case No. 13-cv-01450-TEH<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AND ORDER TO SHOW CAUSE** |

  On March 18, 2014, the Court ordered Defendant Dignity Health ("Dignity") to file a single brief comprising its opposition to Plaintiff Starla Rollins's motion for partial summary judgment and any cross-motion Dignity wished to make on the question of whether its pension plan is exempt from ERISA.  Contrary to the explicit terms of that order, Dignity filed two separate briefs on April 21, 2014 – a 24-page opposition to Rollins's motion and a separate 22-page cross-motion for summary judgment that raised issues beyond the limited exemption issue identified in the Court's order.  Rollins moved to strike Dignity's cross-motion, and Dignity timely opposed the motion to strike.

  Having reviewed the parties' submissions, the Court now GRANTS IN PART Rollins's motion to strike.  Rollins correctly observes that Dignity's two briefs violate the clear terms of the Court's March 18, 2014 order.  In addition to exceeding the page limits and consisting of two separate briefs, Dignity's cross-motion raises arguments beyond the scope of whether Dignity's plan is exempt from ERISA.  Accordingly, Dignity's opposition brief and cross-motion, Docket Nos. 114 and 115, are hereby stricken.

  In addition, Dignity is HEREBY ORDERED to SHOW CAUSE as to why the Court should not impose monetary or other sanctions for its failure to comply with the Court's March 18, 2014 order.  The show cause hearing shall be held on **Monday, May 12, 2014 at 10:00 AM**.  If Dignity wishes to file a written response, it must do so on or before **May 5, 2014**.  Counsel for Rollins need not be present for the show cause

hearing.

Although the Court has stricken Dignity's cross-motion for failure to comply with the Court's prior order, it would be inefficient not to consider Dignity's cross-motion at the same time as it considers Rollins's motion on similar issues. Thus, on or before **May 2, 2014**, Dignity shall file a single brief, of no more than 25 pages, that includes its opposition to Rollins's motion as well as its cross-motion for summary judgment. Although Dignity's statute of limitations arguments fall beyond the scope of whether Dignity's plan is exempt from ERISA, Dignity shall include that argument in its filing (assuming it does not want to abandon it), and the Court will consider it at this time in the interest of resolving this matter efficiently. Dignity's brief shall not include any arguments not contained in its April 21, 2014 filings and need not address any matters on which this Court has already ruled.[1] Rollins shall file a single brief, of no more than 25 pages, comprising her reply and her opposition to Dignity's cross-motion, on or before **May 23, 2014**; and Dignity shall file its reply on its cross-motion, of no more than 15 pages, on or before **May 30, 2014**. Failure to adhere to the page limitations, number of briefs, restriction on content, and other elements of this order will result in sanctions.

The hearing previously scheduled for June 9, 2014, is VACATED. Both summary judgment motions will now be heard on **June 16, 2014 at 10:00AM.**

**IT IS SO ORDERED.**

Dated: 4/28/14

THELTON E. HENDERSON
United States District Judge

---

[1] This should go without saying, but past experience indicates that the Court must be explicit about such matters.

2