COHEN MILSTEIN SELLERS & TOLL, PLLC.
Bruce Rinaldi (CA Bar No. 55133)
Karen L. Handorf (*pro hac vice*)
Michelle C. Yau (*pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email: brinaldi@cohenmilstein.com
khandorf@cohenmilstein.com
myau@cohenmilstein.com

KELLER ROHRBACK L.L.P.
Lynn L. Sarko (*pro hac vice*)
Havila C. Unrein (*pro hac vice*)
Matthew M. Gerend (*pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
hunrein@kellerrohrback.com
mgerend@kellerrohrback.com

KELLER ROHRBACK L.L.P.
Juli E. Farris, Esq. (CA Bar No. 141716)
1129 State Street, Suite 8
Santa Barbara, CA 93101
Tel: (805) 456-1496 / Fax: (805) 456-1497
Email: jfarris@kellerrohrback.com
*Additional Counsel for Plaintiff on Signature Page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STARLA ROLLINS on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>DIGNITY HEALTH, a California Non-profit Corporation, HERBERT J. VALLIER, an individual, the members of the Dignity Retirement Committee, and JOHN and JANE DOES, each an individual, 1-20,<br><br>          Defendants. | No. 13-CV-1450 THE (LB)<br><br>PLAINTIFF'S NOTICE OF MOTION, MOTION FOR PERMANENT INJUNCTION AND PARTIAL JUDGMENT, AND SUPPORTING MEMORANDUM<br><br>Date: December 1, 2014<br>Time: 10:00 a.m.<br>Courtroom: 12, 19th Floor<br>Judge: Hon. Thelton E. Henderson<br><br>Complaint Filed: April 1, 2013<br>Trial Date: N/A |

I.     STATEMENT OF ISSUES TO BE DECIDED ................................................................ 1

II.    INTRODUCTION ........................................................................................................ 2

III.   UNDISPUTED MATERIAL FACTS ......................................................................... 3

IV.    LEGAL STANDARD .................................................................................................. 8

V.     ARGUMENT ............................................................................................................... 8

       A.    The Plan Is a Defined Benefit Pension Plan Subject to ERISA. ...................... 8

       B.    Defendants Have Not Complied with ERISA with Respect to the
             Plan. .................................................................................................................. 9

             1.    Because Defendants Have Failed to Comply with ERISA's
                   Reporting and Disclosure Provisions, Plaintiff Is Entitled to
                   Judgment on Count II. ............................................................................. 10

             2.    Because Dignity has Failed to Comply with ERISA's
                   Minimum Funding Standards, Plaintiff Is Entitled to
                   Judgment on Count III. ............................................................................ 12

             3.    Because the Plan's Written Instrument Violates ERISA,
                   Plaintiff Is Entitled to Judgment on Count IV. ...................................... 14

       C.    Plaintiff is Entitled to Judgment on Count I, as an Injunction
             Enforcing ERISA and Enjoining Defendants ERISA Violations is
             "Appropriate Equitable Relief." ....................................................................... 15

       D.    Plaintiff Is Entitled to a Permanent Injunction. ............................................. 17

       E.    A Final Judgment on Counts I through IV Is Appropriate. ............................. 21

             1.    The Equities Weigh in Favor of a Partial Judgment ............................... 21

             2.    Partial Judgment Is Consistent with Judicial Administrative
                   Interests. .................................................................................................. 22

VI.    CONCLUSION .......................................................................................................... 23

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ...................................................................21

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
   643 F.3d 1165 (9th Cir. 2010) .................................................................17

*Ariz. Dream Act Coal. v. Brewer*,
   757 F.3d 1053 (9th Cir. 2014) .................................................................19

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ...................................................................19

*Baker v. Chin & Hensolt, Inc.*,
   No. 09-4168, 2010 WL 147954 (N.D. Cal. Jan. 12, 2010) ....................16

*Batchelor v. Oak Hill Med. Grp.*,
   870 F.2d 1446 (9th Cir. 1989) .................................................................20

*BCI Telecom Holding, Inc. v. Jones Intercable, Inc.*,
   3 F. Supp. 2d 1165 (D. Colo. 1998) ........................................................22

*Bd. of Trustees of Bay Area Roofers Health & Welfare Trust Fund v. Westech
   Roofing*,
   No. 12-05655, 2014 WL 4383062 (N.D. Cal. Sept. 4, 2014) .................18

*Bd. of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*,
   389 F. Supp. 2d 1222 (N.D. Cal. 2005)...................................................18

*Carrabba v. Randalls Food Markets, Inc.*,
   145 F. Supp. 2d 763 (N.D. Tex. 2000), *aff'd*, 252 F.3d 721 (5th Cir. 2001).........................16

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed
   Care, L.L.C.*,
   433 F.3d 181 (2d Cir. 2005) ....................................................................18

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980) ...............................................................................21, 22

*DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund*,
   975 F. Supp. 258 (S.D.N.Y. 1997) ..........................................................16

*DISH Network LLC v. New Era Elecs. Corp.*,
   No. 12-1097, 2013 WL 5486798 (C.D. Cal. Sept. 27, 2013) .................20

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ..........................................................................17, 18

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

*England v. Marriott Int'l, Inc.*,
   764 F. Supp. 2d 761 (D. Md. 2011) ...................................................16

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) .....................................................................19

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*,
   654 F.3d 989 (9th Cir. 2011) ..........................................................17

*Fortyune v. Am. Multi-Cinema, Inc.*,
   364 F.3d 1075 (9th Cir. 2004) .........................................................19

*Franco-Gonzalez v. Holder*,
   No. 10-02211, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013) ...............................22

*Gathright v. City of Portland*,
   482 F. Supp. 2d 1210 (D. Or. 2007) ....................................................20

*Gillis v. Hoechst Celanese Corp.*,
   4 F.3d 1137 (3d Cir. 1993) .............................................................16

*Honey v. Dignity Health*,
   --- F. Supp. 2d. ---, No. 12-00416, 2014 WL 2765614 (D. Nev. June 16, 2014) ..................23

*Horvath v. Keystone Health Plan E., Inc.*,
   333 F.3d 450 (3d Cir. 2003) ............................................................18

*John Wiley & Sons, Inc. v. Williams*,
   No. 12-0079, 2012 WL 5438917 (S.D.N.Y. Nov. 5, 2012) ....................................21

*Johnson v. Botica*,
   537 F.2d 930 (7th Cir. 1976) ...........................................................16

*Johnson v. Couturier*,
   572 F.3d 1067 (9th Cir. 2009) ..........................................................21

*Kifafi v. Hilton Hotels Ret. Plan*,
   701 F.3d 718 (D.C. Cir. 2012) ..........................................................19

*Kifafi v. Hilton Hotels Ret. Plan*,
   736 F. Supp. 2d 64 (D.D.C. 2010) *aff'd*, 701 F.3d 718 (D.C. Cir. 2012) .............17

*Landwehr v. DuPree*,
   72 F.3d 726 (9th Cir. 1995) ............................................................20

*Liberty Media Holdings, LLC v. Vinigay.com*,
   No. 11-280, 2011 WL 7430062 (D. Ariz. Dec. 28, 2011)....................................21

*Lockheed Corp. v. Spink*,
   517 U.S. 882 (1996) ..................................................................9, 18

*Loren v. Blue Cross & Blue Shield of Mich.*,
  505 F.3d 598 (6th Cir. 2007) ...................................................................18

*Mayfield v. United States*,
  599 F.3d 964 (9th Cir. 2010) ....................................................................19

*Meyer v. Portfolio Recovery Assocs., LLC*,
  707 F.3d 1036 (9th Cir. 2012) ..................................................................17

*Newpath Networks, LLC v. City of Irvine, Cal.*,
  No. 06-550, 2008 WL 2199687 (C.D. Cal. Apr. 4, 2008)....................22

*Nordstrom v. Ryan*,
  762 F.3d 903 (9th Cir. 2014) ....................................................................19

*Paris v. F. Korbel & Bros.*,
  751 F. Supp. 834 (N.D. Cal. 1990) ..........................................................23

*Rachford v. Air Line Pilots Ass'n*,
  No. 03-3618, 2006 WL 2595937 (N.D. Cal. Sept. 11, 2006).............21

*Rollins v. Dignity Health*,
  --- F. Supp. 2d., No. 13-01450, 2014 WL 3613096 (N.D. Cal. July 22, 2014)......8

*Romero v. Allstate Ins. Co.*,
  1 F. Supp. 3d 319 (E.D. Pa. 2014) ...........................................................17

*Ross v. Rail Car Am. Grp. Disability Income Plan*,
  285 F.3d 735 (8th Cir. 2002) ....................................................................20

*Rucker v. Pac. FM, Inc.*,
  806 F. Supp. 1453 (N.D. Cal. 1992) ........................................................20

*S.E.C. v. Credit Bancorp, Ltd.*,
  195 F. Supp. 2d 475 (S.D.N.Y. 2002) ......................................................19

*Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*,
  332 F.3d 1198 (9th Cir. 2003) ..................................................................18

*Smith v. Med. Benefit Adm'rs Grp., Inc.*,
  639 F.3d 277 (7th Cir. 2011) ....................................................................16

*Solis v. Plan Benefit Servs., Inc.*,
  620 F. Supp. 2d 131 (D. Mass. 2009).................................................5, 16

*Symantec Corp. v. CD Micro, Inc.*,
  286 F. Supp. 2d 1278 (D. Or. 2003).........................................................22

*Wells v. Cal. Physicians' Serv.*,
  No. 05-01229, 2007 WL 926490 (N.D. Cal. Mar. 26, 2007) ..............18

*Wood v. GCC Bend, LLC,*
　　422 F.3d 873 (9th Cir. 2005) ...............................................................................................22, 23

*Zhu v. Fujitsu Grp. 401(K) Plan,*
　　No. 03-1148, 2003 WL 24030329 (N.D. Cal. Sept. 9, 2003) ................................................16

*Ziegler v. Conn. Gen. Life Ins. Co.,*
　　916 F.2d 548 (9th Cir. 1990) ..................................................................................................18

**Statutes**

26 U.S.C. § 411(b) .............................................................................................................................5

26 U.S.C. § 412 ...............................................................................................................................15

ERISA § 2(a), 29 U.S.C. § 1001(a) .................................................................................................21

ERISA § 3(2), 29 U.S.C. § 1002(2) ..................................................................................................9

ERISA § 3(33), 29 U.S.C. § 1002(33) ..............................................................................................4

ERISA § 3(33)(C), 29 U.S.C. § 1002(33)(C) ..............................................................................5, 23

ERISA § 4(a), 29 U.S.C. § 1003(a) ...................................................................................................9

ERISA §§ 101-111, 29 U.S.C. §§ 1021-1031 ..................................................................................9

ERISA § 101(d)(1), 29 U.S.C. § 1021(d)(1) ...................................................................................11

ERISA § 101(f), 29 U.S.C. § 1021(f) ........................................................................................10, 14

ERISA § 101(f)(2), 29 U.S.C. § 1021(f)(2) ..................................................................................6, 11

ERISA § 102(a), 29 U.S.C. § 1022(a) .............................................................................................11

ERISA § 102(b), 29 U.S.C. § 1022(b) .........................................................................................7, 11

ERISA § 103, 29 U.S.C. § 1023 ...................................................................................................6, 10

ERISA § 104(b), 29 U.S.C. § 1024(b) .............................................................................................11

ERISA § 104(b)(1), 29 U.S.C. § 1024(b)(1) ...................................................................................11

ERISA § 104(b)(3), 29 U.S.C. § 1024(b)(3) ................................................................................6, 10

ERISA § 105(a)(1), 29 U.S.C. § 1025(a)(1) ...................................................................................11

ERISA § 105(a)(2), 29 U.S.C. § 1025(a)(2) .................................................................................7, 11

ERISA §§ 201-211, 29 U.S.C. §§ 1051-1061 ..................................................................................9

ERISA § 204(b), 29 U.S.C. § 1054(b) .................................................................5

ERISA §§ 301-308, 29 U.S.C. §§ 1081-1086 ......................................................9

ERISA § 302, 29 U.S.C. § 1082 .................................................... 6, 11, 12, 15

ERISA § 303, 29 U.S.C. § 1083 ............................................................ 12, 14, 15

ERISA § 303(a), 29 U.S.C. § 1083(a) ................................................................12

ERISA § 303(c)(1), 29 U.S.C. § 1083(c)(1) .......................................................12

ERISA § 303(d), 29 U.S.C. § 1083(d) ................................................................12

ERISA § 303(h), 29 U.S.C. § 1083(h) ................................................................12

ERISA §§ 401-414, 29 U.S.C. §§ 1101-1114 ......................................................9

ERISA § 402, 29 U.S.C. § 1102 .........................................................................15

ERISA § 402(b)(1), 29 U.S.C. § 1102(b)(1) .......................................................14

ERISA § 403, 29 U.S.C. § 1103 .........................................................................16

ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) ......................................................23

ERISA § 411, 29 U.S.C. § 1111 ...........................................................................5

ERISA § 414(e), 29 U.S.C. § 1144(e) ..................................................................4

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .......................................................16

ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3) ................................................*passim*

ERISA § 4002, 29 U.S.C. § 1302 .........................................................................9

ERISA § 4021(a), 29 U.S.C. § 1321(a) .................................................................9

Pension Protection Act of 2006 ................................................................ 5, 6, 13

**Rules**

Fed. R. Civ. P. 54(b) ...............................................................................*passim*

Fed. R. Civ. P. 56(a) ..........................................................................................1, 8

Fed. R. Civ. P. 65(d) ...........................................................................................1

**Other Authorities**

H.R. Rep. No. 93-533 (1973) .............................................................................19

IRS, Funding Yield Curve Segment Rates, Funding Table 3, Retirement-
    Plans/Funding-Yield-Curve-Segment-Rates ......................................................................13

PLAINTIFF'S MOTION FOR PERMANENT
INJUNCTION AND PARTIAL JUDGMENT

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

Please take notice that on December 1, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, located at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Starla Rollins will and hereby does move the Court under 29 U.S.C. §1132(a)(3) and Federal Rules of Civil Procedure 56(a), 65(d), and 54(b) for an order granting summary judgment in her favor on the unresolved portion of Count I as well as on Counts II-IV of her Complaint ("Compl."), ECF No. 1, entering the proposed permanent injunction filed herewith, and entering a final judgment on Counts I-IV of Plaintiff's Complaint.

The Court granted Plaintiff's motion for partial summary judgment on her declaratory relief claim, determining as a matter of law that the Dignity Health Pension Plan (the "Plan") is not a "church plan" and is thus not exempt from ERISA. *See* Order Granting Pl.'s Mot. Partial Summ. J. ("Order"), ECF No. 175. The undisputed facts demonstrate that Defendants have failed to comply with the substantive requirements of ERISA, including ERISA's reporting and disclosure requirements (Count II), minimum funding requirements (Count III), and requirements for written plan instruments (Count IV). Pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff seeks a permanent injunction directing Defendants;[1] Defendants' officers, agents, servants, employees, and attorneys; and other persons in active concert or participation with them (the "Enjoined Persons"), to operate, maintain, fund, and administer the Plan in conformance with all provisions of ERISA (Count I). Because there is no just reason to delay, Plaintiff respectfully requests the Court enter final judgment on Counts I-IV.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff is entitled to judgment as a matter of law that Defendants failed to comply with ERISA's reporting and notice requirements (Count II).

2. Whether Plaintiff is entitled to judgment as a matter of law that Dignity failed to comply with

---

[1] Because he is no longer employed by Dignity, Plaintiff does not seek to have Defendant Herbert Vallier bound by the proposed injunction.

ERISA's minimum funding requirements (Count III).

3. Whether Plaintiff is entitled to judgment as a matter of law that the Plan's written instrument violates ERISA (Count IV).

4. Whether Plaintiff is entitled to the requested injunctive relief to enforce ERISA with respect to the Plan (Count I).

5. Whether there is no just reason to delay entry of final judgment on Counts I-IV.

## II.    INTRODUCTION

This case concerns Defendants' refusal to afford Plan participants and beneficiaries ERISA protections based on the erroneous assertion that the Plan is an exempt "church plan." The Court has already resolved the threshold issue: the Plan is not—and was never—a church plan. After previously holding that a church plan must be established by a church as a matter of statutory construction, Order Denying Mot. to Dismiss,  ECF No. 84, the Court recently granted Plaintiff's Motion for Partial Summary Judgment, ECF No. 91, concluding that "[t]here is no genuine dispute of material fact that CHW established the Plan here, and that CHW is not a church." Order at 13.[2] Accordingly, the Court ruled that "Rollins is entitled to summary judgment on her claim for declaratory relief that the plan . . . is not a church plan as defined by ERISA, and is therefore not exempt from ERISA." *Id.*

The remainder of this case involves two distinct areas of inquiry: (1) Whether Defendants should be enjoined to comply with ERISA; and (2) Whether Defendants breached their fiduciary duties and should be ordered to pay monetary penalties for their past and continuing failures to comply with ERISA. Although Plaintiff is pursuing additional discovery necessary to resolve these latter issues, the undisputed facts already demonstrate that Plaintiff is entitled to permanent injunctive relief requiring the Enjoined Persons to comply with ERISA.

Specifically, the undisputed facts, including Defendants' own admissions, demonstrate that Defendants have erroneously operated, maintained, administered, and funded the Plan as if it

---

[2] Although Plaintiff moved for partial summary judgment on the entirety of Count I, which also seeks an injunction to enforce ERISA, the Court narrowed the scope of briefing on that motion to only the threshold question of whether the Plan was exempt from ERISA. ECF No. 105.

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC  20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

were exempt from ERISA. Accordingly, Plaintiff is entitled to judgment as a matter of law on Counts II through IV, which allege violations of specific ERISA requirements,[3] and on the unresolved portion of Count I, which seeks "appropriate equitable relief" under ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), to enforce the requirements of ERISA and to enjoin Defendants' ERISA violations. To this end, Plaintiff submits herewith a proposed permanent injunction directing the Enjoined Persons to bring the Plan into compliance with ERISA, including its reporting, disclosure, accrual, vesting, administrative, and funding requirements.

Because Plaintiff and the other Plan participants and beneficiaries continue to be deprived of critical ERISA protections designed to ensure security in retirement, Plaintiff suggests that entry and enforcement of a permanent injunction should not be delayed as the parties continue to litigate issues regarding fiduciary breaches and statutory penalties. Because there exists no just reason to delay, Plaintiff thus moves for entry of partial judgment on Counts I through IV.

### III. UNDISPUTED MATERIAL FACTS

The following facts cannot genuinely be disputed:

**The Plan**: The Plan "is a non-contributory defined benefit pension plan that covers most of Dignity Health's employees." Answer ¶ 53, ECF No. 86; *see also id.* at ¶ 56 ("[D]efendants admit that the Plan is a defined benefit pension plan" and "that the Plan provides retirement income to participants and beneficiaries following the termination of participants' employment.").

**The Parties**: Plaintiff is a Plan participant. *See, e.g.*, Answer ¶ 18 ("Defendants further admit that Rollins is a participant in the Plan and is vested in the Plan . . . ."). Dignity is the Plan's sponsor. *See* Joint Case Management Statement at 8, ECF No. 54 (Dignity is "the Plan's sponsor"); *Id.* at 17 (same); Mot. to Dismiss ("MTD") at 9, ECF No. 41, ("The Plan is . . . sponsored by Dignity."). The Dignity Health Retirement Plans Sub-Committee and its predecessors, acting by and through its members, is the designated plan administrator under the Plan. *See* Ex. A[4] (excerpts of the Catholic Healthcare West [("CHW")] Retirement Plan,

---

[3] *See* Count II (violations of ERISA reporting and disclosure requirements), Count III (violation of ERISA minimum funding requirements), and Count IV (violation of ERISA written instrument requirements).

[4] Exhibits A through T are attached as exhibits to the Declaration of Matthew M. Gerend In

COHEN MILSTEIN SELLERS & TOLL, P.L.L.C.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

Amended & Restated Jan. 1, 2005) at Bates Nos. 00168, 00254[5]; Ex. B (Plan Amendment No. 25) at Bates No. 00610 (describing appointment of committee members); Answer ¶¶ 61, 63 ("[D]efendants admit that the Dignity Health Retirement Plans Sub-Committee is the primary fiduciary of the Plan and has discretionary authority and control of the Plan and its administration.").

**Relevant Provisions of the Plan's Written Instrument**: The Plan's written instrument states that the Plan is "a Church Plan within the meaning of Section 414(e) of the Code and Section 3(33) of ERISA." Ex. A at Bates No. 00155. The "Governing Law" section of the written instrument states that "[t]he Plan shall be governed by and construed in accordance with the federal laws governing Church Plans . . . ." *Id.* at Bates No. 00264. With respect to funding, the Plan's written instrument states: "The Employer shall contribute to the Plan an amount which is sufficient on an actuarial basis to provide for the retirement benefits and other benefits provided under the Plan as determined by the Investment Committee of the Board in its discretion . . . ." Ex. C (Plan Amendment No. 9) at Bates No. 00558.

**Defendants' Non-Compliance with ERISA**: Defendants have not complied with ERISA with respect to the Plan. Defendants "admit that they could not and did not 'enforce'" the ERISA provisions addressed in Counts I-V, Answer ¶ 150,[6] and stated that "[o]f course Dignity, like the majority of faith-based employers, has not sought to conform the Plan to all of ERISA's reticulated requirements." MTD at 2. Instead, as described by Mary Connick, Dignity's Senior Vice President of Finance and Corporate Controller, "Dignity Health/CHW's corporate records reflect that the Plan was maintained as a church plan as far as funding and participant and beneficiary disclosures, and in its day-to-day administration." Decl. Connick in Supp. Defs.' Mot. for Partial Summ. J. ("Connick Decl.") at ¶ 4, ECF No. 120. *See also* Defs.' Reply to Opp'n to MTD at 4, ECF No. 61 ("Dignity intentionally maintains its pension Plan as a church plan *rather*

---

Support of Plaintiff's Motion for Permanent Injunction and Partial Judgment.

[5] Unless otherwise stated, all citations to Bates numbers omit the prefix and leading zeros, but in each instance relate to documents with Bates numbers beginning "DIGNITY000."

[6] *Compare* Compl. ¶ 150 ("Defendants have never enforced any of the provisions of ERISA set forth in Counts I-V with respect to the Dignity Plans.") *with* Answer ¶ 150 ("defendants admit that they could not and did not 'enforce' the ERISA provisions in connection with the Plan").

*than an ERISA plan . . . .*") (emphasis added); Defs.' Mot. Partial Summ. J. at 4, ECF No. 137

(describing 1992 resolution to treat Plan as a church plan).[7]

In an email exchange between Connick and Christine Doten of Towers Watson, the Plan

actuary,[8] Doten explained that "to have your plan designs comply with ERISA . . . [y]ou would

have to add many administrative processes . . . such as annual 5500 reporting, sending each

participant . . . an annual funded status notice, having spousal consent for certain forms of

payments, etc. . . ." Ex. E (May 22, 2009 email exchange between Christine Doten and Mary

Connick) at Bates Nos. 18324. Doten further explained that the PEP subpart of the Plan "would

not pass accrual rules under Section 411 of the code," noting that the "PEP formula is fairly back

loaded."[9] *Id.* at Bates Nos. 18324-18325. Connick later wrote to Dignity CFO Michael Blaszyk,

explaining that being subject to ERISA "may mean changing some of our plan provisions, for

example the PEP formula." Ex. F (May 22, 2009 email from Mary Connick to Michael Blaszyk)

at Bates No. 18327.

Defendants have not paid insurance premiums to the Pension Benefit Guaranty

Corporation ("PBGC") and the Plan remains uninsured by the PBGC. In a May 2009 email

conversation between Christine Doten and Mary Connick, Doten wrote that "in order to be able to

participate in the PBGC insurance program, not only would you have to give up your church

status & fund to the [Pension Protection Act of 2006 ("PPA")] funding targets, but you would

also have to comply with all of ERISA including the vesting, accrual rules, fiduciary and all other

requirements." Ex. E at Bates No. 18325; *see also id.* at Bates No. 18324 ("suffice it to say that

these days many more organizations are trying to become church plans to be able to get out of the

---

[7] Although not material to this motion, Plaintiff disputes whether—even under Defendants' interpretation of the statute—the Plan was "maintained" by a permissible entity described in ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i). However, Plaintiff cites the documents in the preceding paragraph as admissions that Defendants treated the Plan as a church plan rather than an ERISA plan.

[8] Christine Doten, who later went by the name Christine Tozzi, worked for Dignity as the Senior Director, Retirement Plans between November 2010 and February 2012. *See* Ex. D (Defs.' Am. Supplemental Resp. To Pl.'s Second Interrogs.) at 6.

[9] 26 U.S.C. § 411(b), and the parallel provisions of 29 U.S.C. § 1054(b), contain ERISA's accrual requirements, which generally prohibit plans from awarding a significantly higher percentage of accrued benefits in an employee's later years of service, a concept known as "back loading."

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

PPA funding and PBGC premium rules"). Connick then wrote to Michael Blaszyk that "[w]e'd have to give up our church plan status to get PBGC insurance," and that "[w]e would have to pay PGBC [sic] premiums annually, which are $34 per participant (approx. $2.4MM in premiums) and .9% of underfunded amount (currently would be about $4.5MM)—a total currently of about $7MM per year." Ex. F. at Bates No. 18327. Connick thus concluded that this was "[n]ot a pretty picture." *Id.*

**Specific Admissions and Facts Regarding Reporting and Disclosures**: Defendants admit that they have not filed annual reports with the Department of Labor since at least 2007. Answer ¶ 112 ("defendants admit that they have not filed an annual report with respect to the Plan"); *see also* Ex. G (Defs.' Supplemental Resps. Req. for Admis.) at 6 (admitting that, between January 1, 2007 and the present, Defendants "did not file with the Secretary of Labor any annual report, Form 5500, or any other document that includes all of the information described in 29 U.S.C. § 1023, with respect to the [Plan]"); Ex. H (Verification of Defs.' Supplemental Resps. Req. for Admis.).

Defendants also admit that they have not provided Plan participants and beneficiaries with the following ERISA-required disclosures since at least 2007:

i.   **Summary annual reports**. *See* Answer ¶ 114 ("defendants admit that they have not furnished Rollins with a Summary Annual Report"); Ex. G at 6-7 (admitting that, between January 1, 2007 and the present, Defendants "did not furnish any participant or beneficiary in the [Plan] with a summary annual report or any other document that includes all of the information described in 29 U.S.C. § 1024(b)(3)"); Ex. H;

ii.  **Funding notices**. *See* Answer ¶ 120 ("defendants admit that they have not furnished Rollins with a Funding Notice with respect to the Plan"); Ex. G at 9-10 (admitting that, between January 1, 2007 and the present, Defendants "did not furnish any participant or beneficiary in the Dignity Plans with a funding notice or any other document that includes all of the information described in 29 U.S.C. § 1021(f)(2)"); Ex. H;

iii. **Notice of failure to satisfy ERISA minimum funding requirements**. Answer ¶ 116 (addressing Plaintiff's allegation that Defendants failed to provide notification of failure to meet ERISA's minimum funding requirements and stating "defendants admit that they have not furnished Rollins with a Notice with respect to the Plan"); Ex. G at 7-8 (admitting that, between January 1, 2007 and the present, Defendants "did not furnish any participant or beneficiary in the [Plan] with any document notifying plan participants and beneficiaries of any failure to make a payment required to meet ERISA's minimum funding standard under 29 U.S.C. § 1082"); Ex. H;

iv.   **Summary plan descriptions**. Ex. G at 4-5 (admitting Defendants "never furnish[ed] any participant or beneficiary in the [Plan] with a Summary Plan Description, or any other document, that includes all of the information described in 29 U.S.C. § 1022(b)"); Ex. H;

v.   **Pension benefit statements**. Ex. G at 10-12 (admitting that, between January 1, 2007 and the present, Defendants "did not automatically distribute" to any Plan participant or beneficiary "a pension benefit statement or any other document that includes all of the information described in 29 U.S.C. § 1025(a)(2)" and "did not automatically distribute" to any Plan participant or beneficiary "a notice of the availability" of such a pension benefit statement); Ex. H.

**Specific Admissions and Facts Regarding Plan Funding**: Defendants admit that they "did not 'enforce'" ERISA's minimum funding requirements "in connection with the Plan." Answer ¶ 150. Similarly, Mary Connick declared that "Dignity Health/CHW's corporate records reflect that the Plan was *maintained as a church plan as far as funding . . . .*" Connick Decl. ¶ 4 (emphasis added). On February 13, 2014, Connick emailed Mary Tyren, Dignity's Vice President for Financial Services and Reporting, and stated that "due to Church plan status, there aren't any contribution requirements by funding regulations or laws" and that "since no rules govern funding, all funding is discretionary." Ex. I (email) at Bates No. 29212.

As explained below, Dignity's funding policy for the Plan is inconsistent with ERISA. The Plan funding policy permits the amortization of unfunded actuarial accrued liability for a period between 5 and 30 years. *See* Ex. J (CHW Policy & Procedure: Funding of CHW Retirement Plans, effective Mar. 30, 2010) at Bates No. 03980; *accord* Ex. K (Towers Watson Actuarial Valuation Report Pension Contribution – Jan. 1, 2013) at Bates No. 06022 (for Jan. 1, 2013, recommending a minimum funding contribution based on a 30-year amortization and a maximum contribution based on a 5-year amortization); *see also* Ex. L  (CHW Pension Plan 2012 Target Funding Contribution) at Bates No. 24737 (recommending funding contribution using a 10-year amortization of unfunded projected benefit obligation).

Moreover, in calculating its annual contribution to the Plan, Dignity uses a single interest rate of either 7.5 or 8.0% to calculate the present value of future Plan benefit obligations. *See, e.g.*, Ex. M (Sept. 12, 2013, Memo from Mary Connick to Board of Directors Finance Committee) at Bates No. 12339 (noting that, with respect to the calculation of plan funding contribution, the present value of plan liabilities is discounted using the expected long-term rate

of return to be earned on investment, that "[t]hree years ago, management . . . determined that based on the asset allocation for investments held by the plans, 8.0% represents the best estimate of the long-term rate of return," and that "Management re-evaluated the assumptions this past year and determined that the 8.0% rate was still appropriate"); Ex. L at Bates No. 24737 (using an 8.00% valuation interest rate to calculate recommended funding contribution for 2012); Ex. N (Plan 2011 Target Funding Contribution) at Bates No. 24309 (same); Ex. K at Bates Nos. 06022, 06032 (recommending Plan contribution for 2013, applying 8% rate, reduced by 50 basis points to account for plan costs).

## IV. LEGAL STANDARD

A court shall grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Rollins v. Dignity Health* ("*Dignity II*"), --- F. Supp. 2d ---, No. 13-01450, 2014 WL 3613096, at *2 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The non-moving party must then 'identify with reasonable particularity the evidence that precludes summary judgment.'" *Id.* (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)).

"When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## V. ARGUMENT

### A. The Plan Is a Defined Benefit Pension Plan Subject to ERISA.

Defendants admit that the Plan "is a non-contributory defined benefit pension plan that covers most of Dignity Health's employees," Answer ¶ 53, and that it "provides retirement income to participants and beneficiaries following the termination of participants' employment." *Id.* ¶ 56. Accordingly, the undisputed facts demonstrate that the Plan is an employee pension

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

benefit plan within the meaning of ERISA section 3(2), 29 U.S.C. § 1002(2), and thus must comply with the substantive requirements of Titles I and IV of ERISA. *See* ERISA § 4(a), 29 U.S.C. § 1003(a) ("this subchapter shall apply to any employee benefit plan . . . "); ERISA § 4021(a), 29 U.S.C. § 1321(a) ("this subchapter applies to any . . . employee pension benefit plan (as defined in paragraph (2) of section 1002 of this title) . . .").

**B.    Defendants Have Not Complied with ERISA with Respect to the Plan.**

ERISA-covered plans must comply with detailed requirements designed "[t]o increase the chances that employers will be able to honor their benefits commitments." *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996). Specifically, Title I of ERISA requires that ERISA-covered plans: (i) disclose financial and other information with respect to a plan;[10] (ii) satisfy specific participation, vesting, and accrual rules;[11] (iii) meet minimum standards of funding;[12] and (iv) comply with standards of conduct, responsibility, and obligation for plan fiduciaries.[13] Title IV of ERISA requires plans participate in the PBGC pension insurance system, which guarantees the payment of pension benefits in the event a covered plan terminates with insufficient assets.[14]

Here, Defendants have deprived Plaintiff and other Plan participants and beneficiaries of these protections. It is undisputed that Defendants have not complied with ERISA's substantive requirements with respect to the Plan, *see supra* at 4-8, as Defendants admit, for example, that they did not "'enforce' the ERISA provisions in connection with the Plan," *supra* at n.6 (quoting Answer ¶ 150), that "of course Dignity . . . has not sought to conform the Plan to all of ERISA's reticulated requirements," *supra* at 4 (quoting MTD 2), and that the Plan was "maintained as a church plan as far as funding and participant and beneficiary disclosures, and in its day-to-day administration." *id.* (quoting Connick Decl. ¶ 4). It is also undisputed that Defendants have not paid PBGC insurance premiums and that the Plan remains uninsured by the PBGC. *See supra* at 5.

---

[10] ERISA §§ 101-111, 29 U.S.C. §§ 1021-1031 (disclosure requirements).
[11] ERISA §§ 201-211, 29 U.S.C. §§ 1051-1061 (participation, vesting, and accrual requirements).
[12] ERISA §§ 301-308, 29 U.S.C. §§ 1081-1086 (funding requirements).
[13] ERISA §§ 401-414, 29 U.S.C. §§ 1101-1114 (fiduciary duties).
[14] ERISA § 4002, 29 U.S.C. § 1302.

The undisputed facts also demonstrate that Defendants have not complied with ERISA's reporting and disclosure provisions or its minimum funding requirements, and that the Plan instrument violates ERISA. Accordingly, Plaintiff is entitled to judgment on Counts II-IV.

**1.    Because Defendants Have Failed to Comply with ERISA's Reporting and Disclosure Provisions, Plaintiff Is Entitled to Judgment on Count II.**

Count II of Plaintiff's complaint alleges that Defendants violated six specific reporting and disclosure requirements: the requirements to (i) file annual reports with the Department of Labor; and to provide Plan participants and beneficiaries with (ii) summary annual reports; (iii) funding notices; (iv) notices of failures to comply with minimum funding requirements; (v) summary plan descriptions; and (vi) pension benefit statements. Compl. ¶¶ 109-25. As explained below, the undisputed facts demonstrate that Defendants have failed to comply with each of these provisions.

**Annual Reports:** An annual report must be filed with the Secretary of Labor that contains detailed information regarding plan finances and administration. 29 U.S.C. § 1023. However, Defendants admit that between January 1, 2007 and the present, they "did not file with the Secretary of Labor any annual report, Form 5500, or any other document that includes all of the information described in 29 U.S.C. § 1023, with respect to the [Plan]." Ex. G at 5-6; Ex. H; *see also* Answer ¶ 112 ("defendants admit that they have not filed an annual report . . . ").

**Summary Annual Reports:** Every year, a summary of the financial and administrative information contained in the annual report must be provided to plan participants and beneficiaries. 29 U.S.C. § 1024(b)(3). However, Defendants admit that, between January 1, 2007 and the present, they "did not furnish any participant or beneficiary in the [Plan] with a summary annual report or any other document that includes all of the information described in 29 U.S.C. § 1024(b)(3)." Ex. G at 6-7; Ex. H; *see also* Answer ¶ 114 ("defendants admit that they have not furnished Rollins with a Summary Annual Report").

**Funding Notice:** An annual notice detailing the funded status of the plan must be provided to each participant and beneficiary. 29 U.S.C. § 1021(f). However, Defendants admit that, between January 1, 2007 and the present, they "did not furnish any participant or beneficiary

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

in the Dignity Plans with a funding notice or any other document that includes all of the information described in 29 U.S.C. § 1021(f)(2)." Ex. G at 9-10; Ex. H; *see also* Answer ¶ 120 ("defendants admit that they have not furnished Rollins with a Funding Notice").

**Notice of Failure to Satisfy Minimum Funding:** An employer that fails to make a payment required to meet ERISA's minimum funding standard must provide notice of such failure to every plan participant and beneficiary. 29 U.S.C. § 1021(d)(1). However, Defendants admit that between January 1, 2007 and the present, they "did not furnish any participant or beneficiary in the [Plan] with any document notifying plan participants and beneficiaries of any failure to make a payment required to meet ERISA's minimum funding standard under 29 U.S.C. § 1082." Ex. G at 7-8; Ex. H; *see also* Answer ¶ 116 ("defendants admit that they have not furnished Rollins with a Notice with respect to the Plan").

**Summary Plan Descriptions:** A summary plan description containing specific information that should "reasonably apprise such participants and beneficiaries of their rights and obligations under the plan" must be provided to Plan participants and beneficiaries. 29 U.S.C. §§ 1022(a) & (b). Such information must be provided within 90 days after each participant joins the plan and every five years thereafter. 29 U.S.C. § 1024(b).[15] However, Defendants admit that, between January 1, 2007 and the present, they have "never furnish[ed] any participant or beneficiary in the [Plan] with a Summary Plan Description, or any other document, that includes all of the information described in 29 U.S.C. § 1022(b)." Ex. G at 4-5; Ex. H.

**Benefit Statements:** A detailed pension benefit statement must be furnished "at least once every 3 years to each participant with a nonforfeitable accrued benefit . . . who is employed by the employer maintaining the plan at the time the statement is to be furnished." 29 U.S.C. § 1025(a)(1)(B). However, Defendants admit that, between January 1, 2007 and the present, they "did not automatically distribute" to any Plan participant "a pension benefit statement or any other document that includes all of the information described in 29 U.S.C. § 1025(a)(2)" and "did

---

[15] This five year requirement applies if there have been plan amendments within the intervening five year period. 29 U.S.C. § 1024(b)(1)(B). Here, it is undisputed that there have been numerous plan amendments since 2007. *See, e.g.*, Ex. B; Ex. O (Plan Amendment No. 1, dated Jan. 27, 2009).

COHEN MILSTEIN SELLERS & TOLL, PLLC.

1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.

1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

1  not automatically distribute" to any Plan participant or beneficiary "a notice of the availability" of

2  such a statement. Ex. G at 10-12; Ex. H.

3      Because Defendants admit each of the above reporting and disclosure requirements were

4  not satisfied, Plaintiff is entitled to judgment on Count II, and seeks injunctive relief requiring the

5  Enjoined Persons to comply with ERISA's reporting and disclosure requirements.

6      **2.     Because Dignity has Failed to Comply with ERISA's Minimum Funding**
7             **Standards, Plaintiff Is Entitled to Judgment on Count III.**

8      Count III alleges that Dignity failed to comply with ERISA section 302, 29 U.S.C. § 1082,

9  which prescribes standards for the funding of defined benefit pension plans like the Plan. These

10  minimum funding standards require each plan to hold assets equal in value to the plan's "funding

11  target," 29 U.S.C. §§ 1082, 1083, which is a measure of the present value of plan liabilities

12  calculated according to prescribed actuarial assumptions and methods. *Id.* § 1083(d). To ensure

13  that plan assets remain equal to this "funding target," ERISA requires an employer to make

14  annual plan contributions sufficient to cover the costs of benefits accrued each year plus a seven-

15  year amortization of any funding shortfalls from previous years. *Id.* § 1083(a).

16      The undisputed facts show that Dignity's funding policy violates these requirements. For

17  example, Dignity's funding policy for the Plan permits the amortization of unfunded actuarial

18  accrued liability over a period between 5 and 30 years, *see supra* at 7, whereas ERISA allows

19  amortization over a maximum period of only seven years. ERISA § 303(c)(1), 29 U.S.C.

20  § 1083(c)(1). As Mary Connick explained: "CHW's policy as approved by the Board of Directors

21  allows flexibility in pension plan funding. It states that funding of unfunded amounts must be

22  accomplished over a period between five and 30 years." Ex. P (Sept 2, 2010, Memo from Mary

23  Connick to Board Finance Committee) at Bates No. 12322.

24      Additionally, Dignity has applied a single interest rate of either 7.5 or 8% to calculate the

25  current value of future benefits, *see supra* at 7-8, whereas ERISA requires the use of three

26  "segment rates," which are used to calculate the present value of those benefits payable within 5

27  years, between 5 and 20 years, and after 20 years, respectively. 29 U.S.C. § 1083(h). In contrast to

28  the single 7.5 or 8% interest rate used by Dignity, the applicable segment rates under ERISA for

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC  20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

2014 are 4.99%, 6.32%, and 6.99%, respectively.[16] The substantially higher, single rate used by Dignity causes the Plan to understate its pension obligations and thus overstate its funded position. *See, e.g.*, Ex. Q (Jan. 20, 2009, Memo from Mary Connick to Board of Directors Finance Committee,) at Bates No. 12283 ("the discount rate used by CHW is higher than most, which tends to lower the calculation of the obligation"); Ex. R (Aug 30, 2011, Email from Susan Hedrick of Towers Watson to Mary Connick) at Bates No. 24301 ("The change in discount rate from 7.5% to 8.0% decreased the CHW Retirement Plan [Projected Benefit Obligation ("PBO")] by about $145m . . . ."); Ex. S (Materials for May 10, 2007 CHW Retirement Committee Meeting) at Bates No. 13567 (noting "other actions to impact balance sheet liability," including "use of the CHW investment return assumption of 8.5% as the discount rate for benefit determination. ERISA plans no longer able to do without using a discount rate tied to a stable external return rate like a AA bond rate, closer to 6% now").

More generally, the undisputed facts demonstrate that Defendants have not sought to fund the Plan in accordance with ERISA's minimum funding standards. Defendants admit that they "did not 'enforce'" ERISA's minimum funding requirements "in connection with the Plan," Answer ¶ 150, and they recently relied on the declaration of Mary Connick, who declared that "Dignity Health/CHW's corporate records reflect that the Plan was *maintained as a church plan as far as funding* . . . ." Connick Decl. ¶ 4 (emphasis added); *see also* Ex. Q at Bates No. 12286 (noting, in January 2009, that "CHW's pension plans are not currently well funded"); Ex. T (CHW Pension Discussion) at Bates No. 19332 (stating that "[o]ur plans are not well funded at this time," and that "there are many competing needs for cash these days, and we believe the priority is investment in our future").

Connick previously explained that "CHW is not subject to the funding rules under ERISA and the PPA" and that "since no rules govern funding, all funding is discretionary." *See supra* at 7 (citing Ex. I). Indeed, the Plan's written instrument provides that employer contributions to the

---

[16] *See* IRS, Funding Yield Curve Segment Rates, Funding Table 3, *available at* www.irs.gov/Retirement-Plans/Funding-Yield-Curve-Segment-Rates. The rates for 2013, as recently amended, were 5.23%, 6.51%, and 7.16%, and for 2012 were 5.54%, 6.85%, and 7.52%. *Id.*

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

plan will be made in amounts determined solely at the "discretion" of the Investment Committee of Dignity's Board. *See supra* at 4 (citing Ex. C). This discretionary funding policy is impermissible under ERISA, as ERISA requires plans comply with a specific formula to determine minimum required contributions. *See* 29 U.S.C. § 1083.

Plaintiff notes that due to Defendants' failures to calculate Plan liabilities and contributions in conformance with ERISA standards and their failures to disclose to Plan participants required annual funding notices, *see supra* at 10, factual questions remain regarding the *extent* to which the Plan has been underfunded. However, the court need not determine the extent of Plan underfunding to conclude, as a matter of law, that Defendants violated ERISA's minimum funding standards. Because Defendants cannot genuinely dispute that they have not complied with ERISA's minimum funding standards with respect to their funding policy and their calculations of annual Plan contributions, Plaintiff is entitled to judgment on Count III, and seeks injunctive relief requiring the Enjoined Persons to comply with ERISA's minimum funding standards. Plaintiff also requests that the Court order "appropriate equitable relief" requiring the Enjoined Persons to promptly prepare and disclose to Plaintiff and the Court a funding notice containing all of the information required by ERISA section 101(f), 29 U.S.C. § 1021(f), as calculated according to permissible ERISA methodologies.

### 3. Because the Plan's Written Instrument Violates ERISA, Plaintiff Is Entitled to Judgment on Count IV.

The Plan's written instrument erroneously states that the Plan has been a Church Plan "since its establishment" and that it is "governed by and construed in accordance with the federal laws governing Church Plans . . . ." *See supra* at 4 (citing Ex. A). Because the Plan is not a church plan and is not exempt from ERISA, these provisions should be removed from the Plan's written instrument and the written instrument should be reformed to expressly state that it is governed by ERISA.

The Plan instrument also violates ERISA section 402(b)(1), which provides that "[e]very employee benefit plan shall . . . provide a procedure establishing and carrying out a funding policy and method consistent with . . . the requirements of this subchapter." 29 U.S.C.

§ 1102(b)(1). Here, the Plan contains no such provision, and instead states only the following: "The Employer shall contribute to the Plan an amount which is sufficient on an actuarial basis to provide for the retirement benefits and other benefits provided under the Plan as determined by the Investment Committee of the Board in its discretion . . . ." Ex. A at Bates No. 00235. The Plan does not require funding to be determined according to a "method" consistent with ERISA, nor does it require the Plan be funded in an amount consistent with ERISA. Rather, it leaves the determination of what amount is "sufficient" within the "discretion" of the Investment Committee of Dignity's Board. As noted above, this is contrary to ERISA, which provides a specific formula to determine minimum required contributions. *See* ERISA § 303, 29 U.S.C. § 1083.

Notably, the Plan instrument previously provided that contributions "shall be made by the time and in *at least the amount required to meet the minimum funding standards* of Code Section 412," Ex. A at Bates No. 00235 (§ 6.01) (emphasis added), which is the ERISA minimum funding standard as codified in the IRC. *Compare* IRC § 412 *with* 29 U.S.C. §§ 1082, 1083. However, this provision was removed by Plan amendment effective January 1, 2011. *See* Ex. C at Bates No. 00557 ("the Committee desires to amend the Plan to . . . remove an inapplicable reference to Code Section 412").

Accordingly, Plaintiff is entitled to judgment on Count IV, and seeks injunctive relief ordering the Enjoined Persons to reform the Plan instrument to bring it into compliance with ERISA, including but not limited to removing language describing the Plan as a church plan, stating that the Plan is governed by ERISA, and adding language required by ERISA section 402.

**C.    Plaintiff is Entitled to Judgment on Count I, as an Injunction Enforcing ERISA and Enjoining Defendants ERISA Violations is "Appropriate Equitable Relief."**

ERISA section 502(a)(3) authorizes a plan participant to file suit to "enjoin any act or practice which violates any provision of this subchapter . . . or to obtain appropriate equitable relief . . . to enforce any provisions of this subchapter." 29 U.S.C. § 1132(a)(3).[17] An injunction directing the Enjoined Persons to operate, maintain, administer, and fund the Plan in conformance

---

[17] The parties do not dispute that Plaintiff is a participant in the Dignity Plan. *See* Answer ¶ 18. Accordingly, Plaintiff is entitled to seek relief pursuant to ERISA section 502(a)(3).

COHEN MILSTEIN SELLERS & TOLL, PLLC.

1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.

1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

with ERISA, including its reporting, vesting, accrual, and funding requirements, is necessary to enjoin Defendants' ERISA violations and to enforce ERISA's substantive provisions.

This relief qualifies as "appropriate equitable relief." *See, e.g.*, *Smith v. Med. Benefit Adm'rs Grp., Inc.*, 639 F.3d 277, 284 (7th Cir. 2011) ("the court might require Auxiant to modify its preauthorization practices so as to bring them into conformity with the governing regulations as well as its broader fiduciary obligations . . ."); *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1148 (3d Cir. 1993) (if plan administrator violated ERISA's reporting and disclosure requirements, district court "should then issue an injunction requiring the plan administrator to comply with ERISA's reporting and disclosure requirements"); *Zhu v. Fujitsu Grp. 401(K) Plan*, No. 03-1148, 2003 WL 24030329, at *3 (N.D. Cal. Sept. 9, 2003) (section 502(a)(3) authorized claim "to enjoin defendants from both violating [ERISA minimum vesting and service standards] by amending the plan and breaching a fiduciary duty by applying invalid plan terms").[18]

"Appropriate" equitable relief also includes injunctive relief requiring Defendants to amend the Plan as necessary to bring it into compliance with ERISA. *See DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund*, 975 F. Supp. 258, 267, 273 (S.D.N.Y. 1997) (issuing injunctive relief under ERISA section 502(a)(3) requiring defendants, instead of the court, to reform the plan to comply with the court's order, explaining that "if the Plan's accrual provisions violate ERISA, then the Defendants should be given the opportunity to restructure the provisions so that they comply with the statute") (citing *Johnson v. Botica*, 537 F.2d 930, 937 (7th Cir. 1976) (if plan provision violated Taft–Hartley Act, "proper action" would be "to require the Trustees to formulate a substitute provision which would meet the statutory standards")).[19]

---

[18] *See also Carrabba v. Randalls Food Markets, Inc.*, 145 F. Supp. 2d 763, 770 (N.D. Tex. 2000), *aff'd*, 252 F.3d 721 (5th Cir. 2001) ("The remedy of the Class lies . . . in the grant of appropriate equitable relief, as contemplated by 29 U.S.C. § 1132(a)(3)(B), to address violations of, and to give effect to, the accrual and vesting provisions of ERISA."); *Baker v. Chin & Hensolt, Inc.*, No. 09-4168, 2010 WL 147954, at *4 (N.D. Cal. Jan. 12, 2010) (plaintiff stated a claim under 502(a)(3) "[t]o the extent Baker seeks an order directing defendants to provide him with Plan documents").

[19] *See also England v. Marriott Int'l, Inc.*, 764 F. Supp. 2d 761, 778 (D. Md. 2011) (where vesting provisions allegedly violated ERISA, a claim for "reformation of the terms" of the plan stated a claim for "appropriate equitable relief"); *Solis v. Plan Benefit Servs., Inc.*, 620 F. Supp. 2d 131, 146-47 (D. Mass. 2009) ("I find that equitable relief should be granted to the extent that a Judgment should issue declaring that the exculpatory provisions . . . are in violation of ERISA

---

**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

### D. Plaintiff Is Entitled to a Permanent Injunction.

Although courts have recognized a number of standard requirements for permanent injunctive relief in various settings, *see, e.g.*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), the Ninth Circuit has repeatedly explained that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175-76 (9th Cir. 2010) (reversing district court that applied *eBay* factors) (citation omitted). This case presents precisely such a situation. Because ERISA section 502(a)(3) authorizes a plan participant to seek equitable relief to enjoin violations of ERISA and to enforce the requirements of ERISA, Plaintiff need not satisfy the standard equitable factors.[20] Instead, Plaintiff needs only to show that Defendants engaged in an "act or practice which violates any provision of" ERISA. 29 U.S.C. § 1132(a)(3).

This is consistent with the holdings of numerous courts that have recognized that an ERISA plan participant who has been deprived of ERISA's statutory protections may seek injunctive relief without showing additional harm. As the Third Circuit explained:

> [T]he disclosure requirements and fiduciary duties contained in ERISA create in [a plan participant] certain rights, including the rights to receive particular information and to have [defendant] act in a fiduciary capacity. Thus, [a participant] need not demonstrate actual harm in order to have standing to seek injunctive relief requiring that [defendant] satisfy its statutorily-created disclosure or fiduciary responsibilities.

---

Section 403 . . . and requiring the Defendant to strike such provisions from the plans it sponsors."); *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 73 (D.D.C. 2010) *aff'd*, 701 F.3d 718 (D.C. Cir. 2012) (where plan did not comply with ERISA minimum accrual tests, "it is appropriate for the Court to reform the Plan so as to comply with ERISA . . ."); *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319 (E.D. Pa. 2014) (repeal of two plan amendments that violated ERISA anti-cutback provisions proper under section 502(a)(3)).

[20] The Ninth Circuit has recognized that *eBay* "disapproved of the use of 'categorical' rules regarding irreparable harm in patent infringement cases," *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1044 (9th Cir. 2012), and has extended *eBay* to a copyright infringement claim. *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011). However, ERISA presents a completely different statutory framework than the codified monopoly protection of patent and copyright laws. The Ninth Circuit, implicitly acknowledging that *eBay's* precise holding is limited to its facts, noted in *Meyer* that the scope of *eBay* had not been decided in this circuit and that "at least one decision post-*eBay* but pre-*Flexible Lifeline* reiterated the premise that '[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief.'" *Meyer*, 707 F.3d at 1044 (quoting *Antoninetti*, 643 F.3d at 1175–76).

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

*Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 456 (3d Cir. 2003). *Accord Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir. 2003); *Wells v. Cal. Physicians' Serv.*, No. 05-01229, 2007 WL 926490, at *3 (N.D. Cal. Mar. 26, 2007) (plaintiffs who "seek injunctive relief for violations of ERISA's disclosure or fiduciary requirements . . . can demonstrate Article III standing by showing a violation of ERISA . . . "); *see also Ziegler v. Conn. Gen. Life Ins. Co.*, 916 F.2d 548, 551 (9th Cir. 1990) ("plaintiffs need not allege actual injuries to prosecute certain ERISA violations").[21]  Accordingly, because the undisputed facts demonstrate that Defendants have failed to comply with ERISA, Plaintiff is entitled to a permanent injunction.[22]

However, even if the standard equitable factors applied here, Plaintiff still would be entitled to the requested permanent injunction. The four standard factors historically employed by courts of equity in determining whether to grant a permanent injunction are whether: (1) plaintiff has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) in balancing hardships between the plaintiff and defendant, an injunction is warranted; and (4) the public interest would not be disserved by an injunction. *See, e.g.*, *eBay*, 547 U.S. at 391. As explained below, Plaintiff has satisfied each factor:

**Plaintiff Has Suffered Irreparable Injury**: ERISA "seek[s] to ensure that employees will not be left empty-handed once employers have guaranteed them certain benefits," and incorporates certain key measures "[t]o increase the chances that employers will be able to honor their benefits commitments." *Lockheed Corp.*, 517 U.S. at 887.  By claiming church plan status, Defendants have deprived Plaintiff and other Plan participants and beneficiaries of these critical ERISA protections, along with their right to disclosures of "exactly where [they] stand with

---

[21] *Accord Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 610 (6th Cir. 2007); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005).

[22] Two cases in this District have required plaintiffs in ERISA cases to satisfy the general requirements for injunctive relief, but both addressed injunctive relief to enforce a private agreement rather than ERISA's statutory requirements. *See Bd. of Trustees of Bay Area Roofers Health & Welfare Trust Fund v. Westech Roofing*, No. 12-05655, 2014 WL 4383062 (N.D. Cal. Sept. 4, 2014); *Bd. of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1228 (N.D. Cal. 2005).

respect to the plan." H.R. Rep. No. 93-533, at 11 (1973); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989).

These harms are "irreparable" because Plaintiff has "no adequate legal remedy, such as an award of damages." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Because the ERISA violations at issue are the type for which there is no monetary recovery available, *see infra* at 19, Plaintiff has suffered "irreparable harm." *See also Ariz. Dream Act*, 757 F.3d at 1068 ("Because intangible injuries generally lack an adequate legal remedy, 'intangible injuries [may] qualify as irreparable harm.'") (citation omitted).

These ERISA violations are irreparable harms, as well, because they are longstanding, recurring, and systematic. Defendants have not complied with ERISA's disclosure requirements at any time in the past 7 years—including *after* the Court's December 12, 2013 order holding that ERISA requires a church plan be established by a church. There is a strong likelihood Defendants will continue to violate ERISA absent an injunction. *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001) (injury likely to recur, and thus injunction is proper, where "harm is part of 'pattern of officially sanctioned'" conduct) (citation omitted) *abrogated on other grounds as recognized in Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014); *Mayfield v. United States*, 599 F.3d 964, 971 (9th Cir. 2010); *S.E.C. v. Credit Bancorp, Ltd.*, 195 F. Supp. 2d 475, 496 (S.D.N.Y. 2002) (systematic wrongdoing). Furthermore, there is a likelihood of recurring harm when the harm stems from a written policy. *See, e.g., Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). The Plan's written instrument and other corporate documents plainly, and improperly, state the Plan is to be administered and maintained as exempt from ERISA. *See, e.g.*, Ex. A at Bates No. 00264 (governing law). These written policies expressly sanction Defendants' ERISA violations, virtually guaranteeing their recurrence.

**Legal Remedies Cannot Cure These Harms:** Numerous courts have recognized that section 502(a)(3) is the only mechanism for plan participants to enforce ERISA's substantive requirements and to remedy plan provisions and policies that violate ERISA. *See, e.g., Kifafi v. Hilton Hotels Ret. Plan*, 701 F.3d 718, 726 (D.C. Cir. 2012) ("Once the court determined the Plan

violated ERISA, it entered the world of equity.") (citing section 502(a)(3)).[23] Plaintiff's remaining fiduciary breach and statutory penalties claims—which are not at issue in this motion—cannot afford Plaintiff complete relief.  Any monetary award Plaintiff would receive to remedy *past* misconduct would nonetheless leave Plaintiff unprotected against continued ERISA violations.[24] Moreover, statutory penalties apply to only three of the six reporting and disclosure violations that Defendants have admitted,[25] and do not remedy Defendants' failures to comply with ERISA's administrative requirements or to insure benefits through the PBGC.

**The Harms to Plaintiff Outweigh Any Purported Harms to Defendants**: Plan participants and beneficiaries have a strong interest in the strict enforcement of ERISA's funding, administrative, and notice requirements. As the Ninth Circuit has explained:

> Congress in enacting ERISA "recognize[d] the absolute need that safeguards for plan participants be sufficiently adequate and effective to prevent the numerous inequities to workers under plans which have resulted in tragic hardship to so many." ERISA is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans.

*Batchelor v. Oak Hill Med. Grp.*, 870 F.2d 1446, 1449 (9th Cir. 1989) (citing H.R. Rep. No. 93-533, *reprinted in* 1974 U.S.C.C.A.N. 4639, 4647).[26] By contrast, Defendants' burdens are all imposed by ERISA itself.  Defendants have always been obligated to comply with ERISA, and they cannot claim hardship arising from a court order requiring them to comply with their existing legal obligations. *See, e.g.*, *DISH Network LLC v. New Era Elecs. Corp.*, No. 12-1097, 2013 WL 5486798, at *7 (C.D. Cal. Sept. 27, 2013) ("the balance of hardships weighs in favor of Plaintiff,

---

[23] *See also Landwehr v. DuPree*, 72 F.3d 726, 737 (9th Cir. 1995) (no adequate remedy at law where "claims concern improprieties in the administration of an ERISA plan"); *Ross v. Rail Car Am. Grp. Disability Income Plan*, 285 F.3d 735, 741 (8th Cir. 2002) (claim to cure invalid plan term "can only be characterized as arising under" section 502(a)(3)).

[24] *See, e.g.*, *Gathright v. City of Portland*, 482 F. Supp. 2d 1210, 1214 (D. Or. 2007) ("If there is the possibility of future wrongful conduct, a legal remedy is inadequate.") (citing *Orantes–Hernandez v. Thornburgh*, 919 F.2d 549, 564 (9th Cir. 1990)).

[25] Defendants' failures to file annual reports with the DOL and failures to furnish summary plan descriptions and summary annual reports do not carry statutory penalties.

[26] *See also Rucker v. Pac. FM, Inc.*, 806 F. Supp. 1453, 1459 (N.D. Cal. 1992) (noting "the Ninth Circuit's awareness of the hardship that the failure to comply with certain ERISA procedural requirements may cause") (citing *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1353 (9th Cir. 1984) (noting "violations of ERISA's procedural requirements . . . , the remedy to which this entitles the victimized employees has often been less than satisfactory")).

since an injunction will merely prohibit Defendants from ongoing unlawful activity").[27]

**Public Interest Supports An Injunction:** Congress has explained the strong public interest in the strict enforcement of ERISA:

> [T]hat the continued well-being and security of millions of employees and their dependents are directly affected by [employee benefit plans] plans; that they are affected with a national public interest; . . . that owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare . . . that disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of such plans; . . . that owing to the inadequacy of current minimum standards, the soundness and stability of plans with respect to adequate funds to pay promised benefits may be endangered; . . . and that it is therefore desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, . . . that minimum standards be provided assuring the equitable character of such plans and their financial soundness.

ERISA § 2(a), 29 U.S.C. § 1001(a). *See also Johnson v. Couturier*, 572 F.3d 1067, 1082 (9th Cir. 2009) (public interest weighed heavily in favor of plan participants).

Accordingly, Plaintiff is entitled to the requested permanent injunction.

**E.    A Final Judgment on Counts I through IV Is Appropriate.**

There is no just reason to delay entry of judgment on Counts I-IV, including the requested permanent injunction. In deciding whether there exists just reason to delay, a district court should consider the "equities involved" as well as "judicial administrative interests." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Here, both factors support a partial judgment.

**1.    The Equities Weigh in Favor of a Partial Judgment.**

"'The task of weighing and balancing the contending' equities of a case is 'peculiarly one for the trial judge.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 955 (9th Cir. 2006) (citation omitted). In considering the equities, "the court should consider whether entering judgment under Rule 54(b) would alleviate some hardship or injustice that would result from the delay in entry of judgment." *Rachford v. Air Line Pilots Ass'n*, No. 03-3618, 2006 WL 2595937, at *2 (N.D. Cal. Sept. 11, 2006). Because the Court already determined the Plan is not exempt

---

[27] *See also Liberty Media Holdings, LLC v. Vinigay.com*, No. 11-280, 2011 WL 7430062, at *14 (D. Ariz. Dec. 28, 2011) (no "legitimate hardship as a result of being enjoined from committing . . . unlawful activities"); *John Wiley & Sons, Inc. v. Williams*, No. 12-0079, 2012 WL 5438917, at *3 (S.D.N.Y. Nov. 5, 2012).

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

from ERISA, deferring entry of judgment on Counts I-IV, including the injunction, would continue to unnecessarily deprive Plaintiff and other Plan participants and beneficiaries of critical ERISA protections. Plaintiff and the other Plan participants and beneficiaries are entitled to this relief regardless of whether Plaintiff prevails on her claims for fiduciary breach or statutory penalties. Notably, numerous cases have entered partial judgments pursuant to Rule 54(b) where, as here, there was no just reason to delay entry of a permanent injunction.[28]

### 2. Partial Judgment Is Consistent with Judicial Administrative Interests.

Partial judgment is consistent with "sound judicial administration," as it would not result in "piecemeal appeals" that "should be reviewed only as [a] single unit[]." *Curtiss-Wright*, 446 U.S. 10. This requires consideration of "whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005).

Here, the claims in Counts I-IV are separable from Plaintiff's remaining claims for statutory penalties (Count VI) and fiduciary breaches (Count VII).[29] If the Court issues the requested partial judgment, the Court of Appeals may be asked to review whether: (i) the statute requires a church plan be established by a church; (ii) the Plan was not established by a church; (iii) the Plan is subject to ERISA; (iv) Defendants have not complied with ERISA; and (iv) Plaintiff is entitled to injunctive relief. These issues fundamentally relate to whether the plan is subject to ERISA and whether Defendants should be ordered to comply with ERISA.

Conversely, Plaintiff's remaining claims will focus largely on what Defendants knew or should have known when they repeatedly failed to comply with ERISA. Specifically, Plaintiff's claim for statutory penalties will focus on matters such as whether Defendants' unreasonably

---

[28] *See, e.g.*, *Franco-Gonzalez v. Holder*, No. 10-02211, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013); *BCI Telecom Holding, Inc. v. Jones Intercable, Inc.*, 3 F. Supp. 2d 1165 (D. Colo. 1998); *Newpath Networks, LLC v. City of Irvine, Cal.*, No. 06-550, 2008 WL 2199687 (C.D. Cal. Apr. 4, 2008); *Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d 1278 (D. Or. 2003).

[29] Based on her review of discovery thus far produced, Plaintiff presently does not challenge whether Plan assets are held in a proper trust (Count V). Moreover, Plaintiff's constitutional challenge (Count VIII) was mooted by the Court's order that the Plan is not a church plan.

COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

failed to provide ERISA notices. *See, e.g.¸ Paris v. F. Korbel & Bros.*, 751 F. Supp. 834, 840 (N.D. Cal. 1990); *Honey v. Dignity Health*, --- F. Supp. 2d. ---, No. 12-00416, 2014 WL 2765614 (D. Nev. June 16, 2014). Similarly, Plaintiff's fiduciary breach claims focus on whether Defendants acted "solely in the interest" of Plan participants and whether a "prudent man acting in a like capacity" would have refused to enforce ERISA. Compl. ¶ 148 (citing ERISA § 404(a)(1); 29 U.S.C. § 1104(a)(1)).

Fundamentally, the inquiry under both claims asks whether Defendants knew or should have known that the Plan did not qualify as a church plan, *even according to their own erroneous interpretation* of the statute. By way of example and without limitation, this inquiry will involve whether Defendants knew or should have known that the Plan could not be a church plan because: (i) at least by the time of its corporate reorganization in January 2012, Dignity's employees could not be considered employees of the Catholic Church within the meaning of ERISA, *see* 29 U.S.C. § 1002(33)(C)(ii);[30] and/or (ii) prior to and following the January 2012 corporate reorganization, the Plan was not maintained and/or administered by a church or a permissible church administrative organization, *id.* § 1002(33)(C)(i).[31] These issues are discrete from the Court's determination that the Plan *is not* a church plan because it was not established by a church. Thus, the issuance of a partial judgment would not require the Ninth Circuit to review the same issues more than once.[32]

## VI.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant

---

[30] For example, the Archbishop of San Francisco stated in November 2011 that Dignity "will not be recognized as Catholic," McTernan Decl., ECF No. 122, Ex. F, ECF No. 122-6, at Bates No. 08212, and subsequently clarified in a press release that Dignity is "a secular nonprofit." *id.* Ex. I, ECF No. 122-9, at Bates No. 08217. Dignity's own Bylaws state that Dignity is "not subject . . . to the ecclesial authority of the Roman Catholic Church." *Id.* Ex. M, ECF No. 122-21, at Bates No. 08287.

[31] This inquiry may also focus on whether Defendants knew or should have known that Dignity's 2012 submission to the IRS seeking a PLR on church plan status was misleading, as it failed to address critical facts that undermine Dignity's claimed association with the Catholic Church. *See supra* n.30; *see also* Pls.' Reply in Supp. Mot. Summ. J at 14, n.17, ECF No. 151.

[32] Rule 54(b) judgment may also be appropriate where "appellate resolution of the certified claims might facilitate settlement of the remaining claims." *Wood*, 422 F.3d at 878 n.2 (citation omitted).

Plaintiff's Motion, issue the proposed injunction filed herewith, and enter final judgment.

DATED October 27, 2014.

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: _s/ Lynn L. Sarko_
Lynn L. Sarko (*pro hac vice*)
Havila Unrein (*pro hac vice*)
Matthew M. Gerend (*pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
hunrein@kellerrohrback.com
mgerend@kellerrohrback.com

KELLER ROHRBACK L.L.P.
Juli E. Farris, Esq. (CA Bar No. 141716)
1129 State Street, Suite 8
Santa Barbara, CA 93101
Tel: (805) 456-1496 / Fax: (805) 456-1497
Email: jfarris@kellerrohrback.com

KELLER ROHRBACK P.L.C.
Ron Kilgard (*pro hac vice*)
Christopher Graver (*pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248- 2822
Email: rkilgard@kellerrohrback.com
cgraver@kellerrohrback.com

COHEN MILSTEIN SELLERS & TOLL, P.L.L.C.
Bruce Rinaldi (CA Bar No. 55133)
Karen L. Handorf (*pro hac vice*)
Michelle C. Yau (*pro hac vice*)
Monya M. Bunch (*pro hac vice*)
Matthew A. Smith (*pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email: brinaldi@cohenmilstein.com
khandorf@cohenmilstein.com
myau@cohenmilstein.com
mbunch@cohenmilstein.com
msmith@cohenmilstein.com
***Attorneys for Plaintiff Starla Rollins***

# CERTIFICATE OF SERVICE

I, Lynn L. Sarko, hereby certify that on October 27, 2014, a true copy of the above document was served on the Defendants, through their counsel of record, via ECF.

s/ *Lynn L. Sarko*
Lynn L. Sarko

COHEN MILSTEIN SELLERS & TOLL, P.L.L.C.
1100 NEW YORK AVENUE, N.W., STE. 500, WASHINGTON, DC 20005

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052