Mark P. Kindall (State Bar No. 138703)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@ikrlaw.com

*Attorneys for Proposed Intervenors*
*Michelle Hall, Jenifer Heiner, and Christine Montoya*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STARLA ROLLINS and PATRICIA WILSON, on behalf of themselves, individually, on behalf of all others similarly situated, and on behalf of the Dignity Plan,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH, a California Non-profit Corporation, HERBERT J. VALLIER, and individual, DARRYL ROBINSON, an individual, the Dignity Health Retirement Plan Subcommittee, and JOHN and JANE DOES, each as an individual, 1-20,<br><br>Defendants | Case No. 4:13-cv-01450-JST<br><br>**NOTICE OF MOTION, UNOPPOSED MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b), AND SUPPORTING MEMORANDUM**<br><br>**Hearing:**<br>Date:         OCTOBER 7, 2020<br>Time          2:00 pm<br>Courtroom:  6<br>Judge:         Hon. Jon S. Tigar |

**NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE BY PUTATIVE CLASS MEMBERS**

Please take notice that on Wednesday, October 7, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jon S. Tigar, United States District Judge for the Northern District of California, at the United Stated District Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Michelle Hall, Jenifer Heiner, and Christine Montoya (collectively "Proposed Intervenors"), will, and hereby do, move to intervene in the above captioned matter pursuant to Rule 24 of the Federal Rules of Civil Procedure and the Court's June 12, 2020 Order Denying Preliminary Approval of Class Action Settlement, ECF No. 292. Intervention is sought for the purpose of ensuring that a subgroup of the putative class (the "Vesting Subgroup") is adequately represented in the litigation and, in particular, with respect to the proposed settlement of the existing case. The purposes of the Proposed Intervenors' intervention—to protect important and distinct interests of the Proposed Intervenors and the Vesting Subgroup and to promote judicial economy— clearly weigh in favor of permitting intervention.

Counsel for Plaintiffs and Defendants in this action do not oppose this Motion to Intervene.

This motion is based on the following memorandum of points and authorities, the complete records and files in this action, and all matters of which the Court may take notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The present litigation concerns whether the Dignity Health Pension Plan (the "Plan") qualifies for the "church plan" exemption to the Employee Retirement Income Security Act of 1974 ("ERISA").  The Proposed Intervenors terminated their employment with Dignity Health between April 1, 2013 and March 27, 2019, having completed at least three, but less than five, years of vesting service with respect to two different cash balance plans maintained by Dignity Health – the Value Protection Plan and the General Growth Account.  If the Plan was not entitled to the "church plan" exemption, Proposed Intervenors', and the Vesting Subgroup's, years of service would have been sufficient for them to have vested in their pension benefits pursuant to Section 203(f)(2) of ERISA, 29 U.S.C. Sec. 1053(f)(2).  However, under the terms of the Plan, their years of service were insufficient to vest.  Proposed Intervenors thus have a personal interest in the outcome of the litigation.  The Court has already determined that, for purposes of the proposed settlement, their interests are in conflict with the interests of the current Plaintiffs in the case, Starla Rollins and Patricia Wilson, each of whom is a vested participant in the Plan. ECF No. 292, at 16.  Accordingly, the Proposed Intervenors submit that intervention is appropriate under Federal Rule of Civil Procedure 24(b).

Proposed Intervenors respectfully move for permissive intervention under Rule 24(b) for the purposes of ensuring the rights of the Vesting Subgroup are adequately represented in the litigation, and, in particular, are adequately represented in the context of any settlement.

**II.    FACTUAL BACKGROUND**

**A.  Relevant Procedural History**

In this putative class action, Plaintiffs Rollins and Wilson —on behalf of participants, former participants, and beneficiaries of the Plan—claim the Plan does not qualify for ERISA's church plan exemption. Second Amended Complaint ("SAC"), ECF No. 268, ¶ 4. Plaintiffs bring claims against

Defendants[1] for violations of ERISA, state law claims for breach of contract, unjust enrichment, breach of common law fiduciary duty, and a claim for declaratory relief that the church plan exemption violates the Establishment Clause of the First Amendment. *Id.*, ¶¶ 266-321.

Plaintiffs filed suit in 2013 and after six years of proceedings in the District Court, Ninth Circuit and Supreme Court, the parties reached a settlement in April of 2019 after a lengthy mediation process. *See* ECF No. 278. The Settlement provided, *inter alia,* for certain mandatory minimum payments to the Plan's trust fund, certain procedural protections that would apply to administration of the Plan on a go-forward basis, and one-time cash payments to two sub-groups of Class Members. *See* ECF No. 284. One subgroup consisted of a group of nurses with claims pursuant to a particular program (the "PEP Plus Claimants"). *Id.* at 7. The other consisted of former employees who participated in the cash balance portion of the Plan who had more than three but less than five years of vesting service. *Id.* This latter subgroup is the "Vesting Subgroup."

The Court denied the initial motion for preliminary approval without prejudice on October 28, 2019, raising concerns about several provisions of the proposed settlement. ECF No. 289. Of particular relevance to the instant motion, the Court found that the preliminary approval motion failed to address concerns regarding the propriety of providing payments in differing amounts to members of the subgroups without subclass certification, and failed to provide sufficient information to determine whether the Settlement treated the claims of the subgroup members equitably. *Id.* at 16.

Plaintiffs filed a renewed Motion for Preliminary Approval on November 25, 2019, in which they endeavored to address the issues raised by the Court in its initial order. ECF No. 290. However, the Court "reluctantly" denied the renewed Motion on June 12, 2020. ECF No. 292, at 1. Although the Court determined that the renewed motion cured all but one of the issues that had led to the denial of the original motion, the Court found that a "fundamental conflict" existed between the Vesting Subgroup and the remainder of the Class:

---

[1] "Defendants" include: Dignity Health, Herb Vallier, Darryl Robinson, and the Dignity Health Retirement Plans Subcommittee (the "Subcommittee").

> Because the non-vested Plaintiffs in this case will not benefit from class-wide prospective relief, their predicament resembles that of the sick plaintiffs in *Amchem*, who were incentivized to seek "generous immediate payments" while the rest of the class had an interest "in ensuring an ample, inflation-protected fund for the future." *Amchem*, 521 U.S. at 626. In this way, the Settlement is an example of one that, by "offer[ing] considerably more value to one class of plaintiffs than to another," risks "trading the claims of the latter group away in order to enrich the former group."

*Id.*, at 14 (quoting *Ferrington v. McAfee, Inc.,* No. 10-cv-01455-LHK, 2012 WL 1156399, 2012 WL 1156399, at *7 (N.D. Cal. Apr. 6, 2012)). The Court acknowledged that this finding created a "predicament" because the number of class members in the Vesting Subgroup was "small and their claims minimal enough that few lawyers are likely to take their case on absent a larger class context." *Id.*, at 16. But, because of the conflict, the Court determined that Plaintiffs, who were not members of the Vesting Subgroup, could not be considered adequate to represent the Vesting Subgroup's interests. *Id.*

### B. Background of Proposed Intervenors

Proposed Intervenors were participants in the Value Protection Plan and General Growth Account for more than three years but less than five years—and in consequence did not vest under the terms of the Plan—and terminated their employment with Defendant Dignity Health between April 1, 2013 and March 27, 2019. Therefore, under the Settlement, they are members of the Vesting Subgroup. Michelle Hall worked for Mercy Medical Group at different locations in Sacramento and Roseville, California, from May 2009 until April 2013 and accrued benefits under the Value Protection Plan. Jenifer Heiner worked at Mercy Gilbert Medical Center in Gilbert, Arizona from 2010 until becoming disabled in August 2015, and accrued benefits under the General Growth Account. Likewise, Christine Montoya worked for Dignity Health in Bakersfield, California and accrued benefits under the General Growth Account.

Now, the Proposed Intervenors, as putative class members and members of the Vesting Subgroup, seek to intervene to ensure that their interests are protected in the litigation and in any settlement.

NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)
Case No. 3:13-cv-01450-JST

- 4 -

326773543.1

### III. LEGAL STANDARD

Rule 24(b)(1), which involves "permissive intervention," authorizes the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has "repeatedly instructed that 'the requirements for intervention are [to be] broadly interpreted in favor of intervention'" because "'[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.'" *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (quoting *States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) ("Rule 24 traditionally receives liberal construction in favor of applicants for intervention").

Rule 24(b) allows permissive intervention when (1) the application is timely; (2) the proposed intervenor and the existing parties present common questions of law or fact; and (3) the intervention will neither unduly delay nor prejudice the rights of the original plaintiffs or defendants. *See* Fed. R. Civ. P. 24(b). If the applicant meets these three threshold conditions, whether it will be allowed to intervene is within the trial court's discretion. *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996). "Courts are more amenable to permissive intervention when no additional issues are added to the case, when the intervenor's claims are 'virtually identical' to class claims, and when intervention would strengthen the adequacy of the representation". § 9:36, Permissive intervention, 3 Newberg on Class Actions § 9:36 (5th ed.).

### IV. ARGUMENT

#### A. Permissive Intervention is Appropriate

This is an ideal case for the Court to grant a motion for permissive intervention. First, as discussed below, the motion is timely. Second, there can be no dispute that Proposed Intervenors share common questions of law and fact because Proposed Intervenors are putative class members; no independent basis for jurisdiction is required because Proposed Intervenors are asserting no new claims. Finally, intervention will not delay or prejudice the rights of the original parties. In fact, far

NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)
Case No. 3:13-cv-01450-JST

- 5 -

326773543.1

from prejudicing the rights of the original parties, it is in the interests of all parties, and the Court, to allow the intervention.

### 1. The Proposed Intervenors' Motion is Timely

Although the litigation has been ongoing for seven years, given the procedural posture of the case, the motion to intervene is timely. In assessing whether a motion to intervene is timely, courts consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir.2004) (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir.2002)). Here, despite the passage of time, no party would be prejudiced by the participation of the Proposed Intervenors, and the need to intervene did not become apparent until the Court considered Plaintiffs' Motion for Class Certification and the proposed settlement.

In *Kamakahi v. American Society for Reproductive Medicine*, No. 11–cv–01781–JCS, 2015 WL 1926312 (N.D. Cal. Apr. 27, 2015), this Court found the intervenors' motion, submitted four years after the case was originally field, was sufficiently timely in circumstances similar to the present case. The *Kamkahi* Court had denied the plaintiffs' request to certify a Rule 23(b)(2) subclass because neither plaintiff had standing or was a member of the proposed subclass. *Id.*, *1. Thereafter, two individuals moved to intervene under Rule 24 (a) and (b) asserting, *inter alia*, that the "existing Plaintiffs may not adequately represent [their] interest." *Id.*, *2. The Court concluded, despite the passage of time, that the Motion was "sufficiently timely to warrant permissive intervention." *Id.*, *6. The Court reasoned that it made "little sense to foreclose a more efficient resolution of the overall case because class counsel made a legal error that they have now corrected, without significant prejudice to Defendants." *Id.*

Similarly, in *Ubaldi v. SLM Corp.*, No. C -11-01320 EDL, 2014 WL 12639952 (N.D. Cal. June 13, 2014), this Court allowed putative class members to intervene after finding the named plaintiff was not an adequate class representative. *Id.*, *6. As in *Kamakahi* the *Ubaldi* Court analyzed the three requirements for timeliness and concluded the motion to intervene was timely. *Id*. With

NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)
Case No. 3:13-cv-01450-JST

- 6 -

326773543.1

regard to the first requirement, Plaintiffs argued that, "they sought leave to intervene only weeks after the Court denied the motion for class certification . . . even though the case has been pending for several years." *Id.*, \*2.  The Court reasoned that defendants would not be prejudiced and that "[i]f intervention is denied, [the proposed intervenors] would file their own separate action, which could lead to conflicting decisions . . ." *Id.*, \*6. *Id.*, \*6; *see also Munoz v. PHH Corp.,* No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054, \*7 (E.D. Cal. July 29, 2013) (relied on by the *Ubaldi* Court and finding intervenors motion timely, despite the fact that the case had been pending for five years). Applying the reasoning from these cases to the present case, this Court should find Proposed Intervenors' Motion timely.

As the above cases demonstrate, "the mere lapse of time, without more, is not necessarily a bar to intervention." *Alisal,* 370 F.3d at 922. There is no prejudice to Defendants; as discussed below, the legal basis for the claims of the Proposed Intervenors is the same as the claims of the Class as a whole, and thus the Proposed Intervenors will not meaningfully expand the scope of the litigation. Permitting intervention will likely facilitate an efficient resolution to the overall case and avoid any subsequent actions by Proposed Intervenors. Given that the parties have already agreed on a framework for settlement, and moved for preliminary approval, twice, it is in the parties' best interests to allow the intervention, which will permit review of the proposed Settlement by counsel who have no potential conflict in representing the interests of the Vesting Subgroup. Accordingly, this Court should find that the timeliness requirements of Rule 24(b) are met.

### 2. The Claims of the Proposed Intervenors and Claims of Other Class Members Share Common Questions of Law and Fact

Proposed Intervenors are members of the putative class in the litigation.  Their claims depend on the same core facts, and the same applicable law, as the rest of the Class.  Like the other members of the putative class, the Proposed Intervenors were employed by Dignity Health and accrued pension benefits in the Plan.  Like the rest of the putative Class, the Proposed Intervenors' alleged claim of injury stems from Defendants' decision to treat the Plan as being exempt from the requirements of ERISA.  Thus, if the case proceeded to trial, the Proposed Intervenors would rely on the same legal

theory, the same Plan documents, and the same evidence to support the claim that the Plan did not qualify for the "church plan" exemption. The only additional evidence that the Proposed Intervenors would need to support their claim would be the calculation of the benefits to which they would be entitled if the Plan followed ERISA's vesting rules.

### 3. The Intervention Will Not Delay the Case or Prejudice Plaintiffs' Rights

The limited intervention of the Proposed Intervenors will not "unduly delay or prejudice the adjudication" of Plaintiffs' rights. Because this Court has found that Plaintiffs (and their Counsel) cannot adequately represent the interests of the Vesting Subgroup, Proposed Intervenors (and their Counsel, who is familiar with the case and has represented plaintiffs in other "Church Plan" cases) should be permitted to intervene to participate in the litigation, particularly with respect to the proposed settlement. The inclusion of Proposed Intervenors in the case will ensure the rights of the Vesting Subgroup are adequately represented and will best serve the interests of justice. Moreover, this motion is unopposed, and no party has objected to it based on delay, prejudice, or any other grounds.

### B. Judicial Economy Strongly Favors Intervention

Finally, in evaluating whether to grant a Rule 24(b) request for intervention, this Court should consider the interests of judicial economy. *See Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990) ("judicial economy is a relevant consideration in deciding a motion for permissive intervention"). In *Venegas*, the Ninth Circuit considered the consequences of a district court's refusal to grant permissive intervention where refusal would result in a subsequent lawsuit being filed. *Id*. The Ninth Circuit concluded that because the parties "would be required to make a record that would consist of facts and arguments that are already before this court . . . [and] would be forced to litigate before a judge who lacks the long experience with this case," the interests of judicial economy would be better served by allowing intervention. *Id*. (citing *Wood v. Motorola, Inc.*, 587 F.Supp. 531, 532-33 (D. Haw. 1984))*; see also MGM Grand Hotel, Inc. v. Smith-Hemion Prods., Inc.*, 158 F.R.D. 677, 680 (D. Nev. 1994) (considering judicial economy in decision to allow for permissive intervention); *see also*

*United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002) ("By allowing parties with a *practical* interest in the outcome of a particular case to intervene, [courts] often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.' " (citation omitted)).

In this case, permitting intervention in this litigation will, as a practical matter, expedite the proceedings. The Court has indicated that it cannot certify the class as presently structured or properly evaluate the proposed settlement unless the Vesting Subgroup's interests are adequately represented. Regardless of whether the case settles or proceeds to trial, no class could be certified that included the claims of the Vesting Subgroup without participation by plaintiffs that were actually members of that Subgroup. This is precisely the type of scenario Rule 24(b) is intended to address. If this Motion is denied, as the Court noted in its Order, Proposed Intervenors would likely have to file another lawsuit and make this, or another, court go through all the same proceedings again. This Court has already made significant rulings and the parties have undertaken significant discovery. No reason exists to burden this, or another, court with duplicating that work. Granting this Motion will eliminate the need to file a duplicative class action and will allow this Court to continue its work in resolving this case. Therefore, the Motion should be granted.

## V. CONCLUSION

For the foregoing reasons Proposed Intervenors respectfully request that the Court grant them permission to intervene in this action.

DATED:  August 28, 2020

*/s/ Mark P. Kindall*
Mark P. Kindall (State Bar No. 138703)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@ikrlaw.com

*Counsel for Proposed Intervenors
Michelle Hall, Jenifer Heiner, and Christine Montoya*

NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)
Case No. 3:13-cv-01450-JST

- 9 -

326773543.1